No. 19.—ALFRED WELLBORN, plaintiff in error, *vs.* ROBERT BON-
NER, defendant in error.

[1.] Where B obtained a judgment against W for $1200, and subsequently
thereto, W purchased two judgments against B for the sum of $1384, and
took a written assignment thereof, and filed his bill to have the latter judg-
ments set off against the former, as a satisfaction of the same: *Held*, that
according to the provisions of the Judiciary Act of 1799, it should *affirma-
tively* appear, that there were no other judgment liens upon the defendant's
property, before a Court of Equity would interfere and decree satisfaction
of a *particular* judgment out of the defendant's property, and that, accord-
ing to the facts stated in the complainant's bill, he had an ample and ade-
quate remedy at law, to obtain satisfaction of his judgments out of the prop-
erty of the defendant.

Application for an injunction to Judge HILL. Refused at
Chambers, June 29th, 1850.

The bill alleged that Robert Bonner, the defendant, at the
February Term, 1850, of Merriwether Superior Court, recovered
a judgment against the complainant, for the sum of twelve hun-
dred dollars damages, whereon an execution had been issued,
which was then in the hands of the Sheriff, to be enforced by
levy and sale.

The bill further alleged, that on 26th day of March, 1850, the
complainant, in good faith, and for a valuable consideration, pur-
chased from the surviving partners, in the firm of Millers, Rip-
ley & Co. two executions against the defendant and one Seymour
R. Bonner, amounting in the aggregate, at the date of the judg-
ments, to the sum of thirteen hundred and eighty-four dollars, and
which were transferred to the complainant by written assign-
ments. Upon each of these executions, there were returns of
" no property," by the proper officer; that Seymour R. Bonner,
one of the defendants, is beyond the jurisdiction of the State, and
insolvent.

The bill further alleged, that complainant, by his counsel, had
proposed to the defendant to set off the executions which he held
against defendant and Seymour R. Bonner, against the execu-
tion in favor of the defendant against complainant, then in the

hands of the Sheriff; that this proposition was rejected, and as a pretence, the bill alleges, that the defendant stated that his counsel had a claim upon the amount of his recovery against the complainant for their professional charges, in prosecuting the suit upon which said judgment was founded..

The bill further alleges, that complainant purchased the execution from Millers, Ripley & Co. without any notice of any such claim on the part of Bonner's counsel.

The bill prays that the executions may be set off against each other, and that defendant may be restrained from assigning or further prosecuting his execution against the complainant.

Judge Hill refused his sanction to the injunction, and counsel for complainant excepted.

SLAUGHTER and RUSSELL, for plaintiff in error.

W. DOUGHERTY, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The assignee of the judgments occupies precisely the same position, as to all his legal rights, as did the original plaintiffs against the property of the defendant, and has the same right to collect the same for his own use and benefit, in as full and ample a manner as the original plaintiffs could have done, if no such transfer or assignment had been made. *Prince*, 465. That judgments may be set off, both at Law and in Equity, is admitted; but the latter Court has no jurisdiction, when, from the facts of the case, the complainant has an ample and adequate remedy in the Common Law Courts.

In this case, it appears from the record, that complainant was not the owner of the judgments against Bonner, until *after* the rendition of the judgment in favor of Bonner against him. The judgment in favor of Bonner against Wellborn, the complainant, was rendered in February, 1850. In the month of March thereafter, the complainant purchased and obtained an assignment of the judgments against Bonner. At law, both parties were enti-

tled to the process of execution, to enforce the payment of their respective judgments. The complainant, who is the assignee of the judgments against Bonner, asks the interference of a Court of Equity to restrain the collection of Bonner's judgment against him, and that the judgments which he holds against Bonner may be set off, and operate as a *satisfaction* of the judgment obtained by Bonner against him. Each party holds a judgment against the other at this time, but there was no *mutual indebtedness* between the parties *at the time of the rendition of the judgment* in favor of Bonner against Wellborn. Wellborn, as the assignee of Millers, Ripley & Co. has the same right to collect the judgments and execution assigned to him, for his own use and benefit, in as ample a manner as the original plaintiffs could have done.

According to the Judiciary Act of 1799, all the property of the defendant is bound by the judgment from the date thereof. *Prince,* 426. Bonner sues out his execution against Wellborn, and the Sheriff collects the money; the money is in the custody of the law; the money is the *property* of Bonner, and subject to the payment of his debts. What is to hinder Millers, Ripley & Co. from placing their judgments in the hands of the Sheriff, with notice to retain the money until the next term of the Court, and then, for the money to be distributed according to the respective liens upon it, created by law? The complainant, who is the assignee of Millers, Ripley & Co. has precisely the same right; and then, all the liens created by law will be considered and adjudicated accordingly. But suppose a Court of Equity should interfere in favor of the complainant, who is a purchaser of a judgment lien upon the defendant's property, *subsequent* to the rendition of the defendant's judgment against him, and decree a set off or a satisfaction of the defendant's judgment, with the judgment so purchased by the complainant, it will be perceived, that if this is allowed to be done, a *junior* judgment might be purchased, and satisfaction had thereof out of the defendant's property, to the *exclusion* of other judgment creditors, who might have a *prior* lien upon the property of the defendant, and thereby defeat the provisions of the Judiciary Act of 1799. It is true, it does not appear on the face of this record, that there

are any older judgment liens against Bonner than the one sought to be set off; but in our judgment, it ought, at least, to be made *affirmatively* to appear, that there are *no other liens of older date* upon the defendant's property, before a Court of Equity should interfere, to appropriate the defendant's property, in satisfaction of a *particular* judgment, in view of the special provisions of our Judiciary Act of 1799.    The sole object of the complainant's bill is, to have two judgments, which he has purchased from the original plaintiffs, *satisfied* out of the *property* of the defendant, Bonner, which the latter is entitled, by law, to receive from the complainant.    Now, whether this satisfaction is to be obtained under the name of a *set off*, or by any other name, the effect is the same; it is to *extinguish* Bonner's judgment against Wellborn with the two judgments which the complainant has purchased *since* the rendition of that judgment against him in favor of Bonner. Wellborn's two judgments, which he holds as assignee, are to be *satisfied* out of the defendant's property, without it being made *affirmatively* to appear to the Court that there are *no other liens created by law* which would be entitled to satisfaction.  Before a Court of Equity should interfere, under our law, to decree the *satisfaction* of a *particular* judgment out of the property or effects of a defendant, by way of set off, or otherwise, according to the facts as made in this case, it should clearly be made to appear that there is no other *judgment lien* which can claim priority of payment and satisfaction.    Believing, as we do, that the complainant has an ample and adequate remedy at law, to obtain satisfaction of his judgment, according to the case made by his bill, we affirm the judgment of the Court below.