McCay, Judge.
We recognize fully the right of any suitor to set up, on the law side of our Superior Court, “an equitable cause of action.” Section 3027 of Irwin’s Revised Code expressly permits this to be done, and authorizes and directs the Court to so mould its proceedings as to give effect to this right. Nor are we able to see why this section of the Code does not include causes of action which are purely equitable, as well as those recognized, though not fully enforced, by Courts of law in England and in other States, by reason of the defective machinery of such Courts. The words of the Code are, “an equitable cause of action.” This can only mean a right which a Court of equity will enforce, and if it means anything, it must include rights which, before that time, were purely of equitable cognizance, as well as those which, while fully recognized at law, were only imperfectly enforced, by reason of the rigidity and narrowness of its machinery.
The truth is, that the Act of 1820 was intended to declare that common law Courts had, in this State, full equity jurisdiction, except to compel an answer, on oath, from the defendant. But as the Act of 1820 gave the Superior Court no *power to alter its former modes of proceeding or mould its processes and proceedings, otherwise than as they, from time immemorial, had existed, the Act of 1820. was, in many respects, a dead letter. But section 3027 of the Code, in terms, meets this difficult}'-, and clothes the Court with this power, so that now it is the plain, clear law of this State that “no suitor is compelled to appear on the equity side of the Court, but he *466 may institute his proceeding for cm equitable cause of action upon the common law side of the Court at his option, and the Court may allow the jury to find a verdict and a judgment be rendered thereon so moulded and framed to give equitable relief in the case, as verdicts and decrees are rendered and framed in equity proceedings.” If to this general provision, conferring jurisdiction to the common law Court of equitable causes of action, we add section 3185 of the Revised Code, that “for every right there shall be a remedy, and every Court having jurisdiction of the one may, if necessary, frame the other.” We are not prepared to say that there is any equitable right recognized, as capable of enforcement by a Court, that may not be enforced in some Court of law in this State.
The right to institute a proceeding for an equitable cause of action is given. The right to frame the form of the remedy and the right to mould the judgment are all fully and expressly given. What else is wantiag? Nothing, as I think, to give power. If anything is wanting, it is some provision to restrain rather than to enlarge the equitable powers of a Court of law, or to abolish the equity side of the Court altogether. As the matter stands now, we have a Court of law with full equity powers, and a Court of equity with nothing but equity powers, and the anomaly exists of a state of things when, if you call the Superior Court, in your petition, simply the Superior Court, you may, if you plead and pray rightly; get a decree covering the powers of both a law and an equity jurisdiction; but if you call the Court, in your petition, a Court of equity, you may be driven from the tribunal by a decision that there is an adequate remedy at law, and yet the statute *gives a remedy at law in all cases. We hope the Legislature will correct this anomaly.
But whilst, as we have said, we fully recognize the equitable jurisdiction of a Court of law, we do not and we must not in either forum mix up and confound rights and causes of action wholly distinct in their nature. You cannot join a claim for damages caused by slander with a claim for money due on a promissory note. You cannot sue out a distress warrant for rent and add a count for the price of a horse. You cannot commence a suit for the foreclosure of a mortgage, under the statutory privilege of a rule nisi, and amend it by praying for the ejection of an intruder. In other words, we do not understand by this enlargement of the powers of a Court of law, that a Court of law can grant equitable relief except upon proper pleadings. We doubt not that with proper averments and parties, a Court of law may decree the sale of land to satisfy an equitable lien; but we do not think this could be done by way of amendment to a process for ejecting a tenant holding over after the expiration of his term.
Our claim laws afford a statutory remedy for a special case. They are sui generis. An officer has seized and threatens to sell a tract of land, by virtue of an execution against A. B insists that the land does not belong to A, and that it is not *467 subject to the judgment against A; that the sheriff has no authority to seize and sell the land. Our claim laws provide that in such cases, the party setting up the claim may file an affidavit, etc., that the sheriff shall not sell, but return the papers, etc., and that an issue shall be made up and tried, etc. That has been done in this case. -It is now proposed to change the issue entirely. The proceeding was instituted by the claimant to test the question whether the land was subject to the judgment; whether the sheriff had a right, by virtue of the process in his hands, to seize and sell it.
It is now proposed to ■ amend the issue by admitting that the land is not subject to the judgment, that the seizure of it was a trespass, but that the plaintiff is nevertheless entitled, *after he has got another judgment, to sell the land for the payment of this debt. It seems to us that this is an utter misconception of the claim laws. The proceeding they provide for is just as special and confined to the particular matter of the levy and the lien of the judgment, as a distress warrant is confined to rent, or a rule against the sheriff to contempt. Here is a levy on land, the law requires the issue on the claim affidavit to be tried in the county where the land lies. It is proposed to combine with this an issue which is essentially personal, and must be tried in the county of the defendant’s residence. The plaintiff comes into Court and admits that he had no right to have the land levied on — that the claimant’s affidavit is true in every sense — true at law and true in equity. The land is, in fact, not subject to the judgment, nor can it be made subject to the lien of this present judgment, either at law or equity. Suppose the amendment proposed had said that though the land was not subject to the judgment, yet he, the plaintiff, had a written mortgage, duly recorded, made by the owner of the land for the note on which this judgment is founded, and that, therefore, the land though not subject to the lien of the judgment levied, was yet subject to the mortgage .lien which he prayed might be foreclosed. I put these instances to show, as I think, the absurdity of the position assumed by the plaintiff in error.
We think the Court was right in refusing this amendment. It was not germain to the matter in hand. It admitted the plaintiff out of Court. We do not intend to say that both the plaintiff and the claimant may not introduce amendments setting up equities, but that the equities set up must go to illustrate the issue, to-wit: the authority of the sheriff to make the levy. They must show that the land is subject to C lien of the judgment on the part of the plaintiff, or if put on jy the claimant, they must go to show that the land is not subject.
Neither party can set up a new and distinct issue, as that one owes the other, or that if the judgment is not a lien, some other paper or parol contract does give him a lien on the land; *that if he has not now an authority to seize and sell the land, certain facts exist which will justify the Court in giving a judgment which will authorize him to do so.
Judgment affirmed.