H. S. & J. M. Estes, plaintiffs in error, *vs.* Hugh G. Ivey, sheriff, *et al.*, defendants in error.

1. It is a good practice for a judge to require the parties, when there are several, to a motion to distribute money, to state in writing their several claims and the grounds of them.

2. When, on the hearing of a motion to distribute money, the judge dismissed the claim of one of the parties on the ground that on its face it did not present any legal claim to participate in the division, and gave a judgment awarding the money to the other claimants, whilst it was within the discretion of the court, during the term, to open the judgment and allow an amendment, yet it was not error to refuse to do so during the progress of another trial, and especially if it is not stated what was the amendment proposed.

3. When one has possession of land under a bond for titles, and has paid part of the purchase money, it is competent for his judgment creditors to levy upon "the entire interest stipulated in the bond," and sell the same. But in such a case, notice that such is the extent of the levy must be given by the officer making the levy, to the holder of the bond, at the time of the levy or within a reasonable time before the sale.

4. When a defendant in execution is the vendee of land, and has only a bond for titles, and a portion of the purchase money has been paid, and the land is levied on and sold by judgments against the vendee, and no notice is given as required by section 3586 of the Code, nothing is sold but the interest of the defendant, and the vendor cannot claim any of the proceeds on the ground that his purchase money is not all paid. He has his remedy by filing a deed and selling the land, or by action of ejectment on his legal title.

Money rule.    Practice in the Superior Court.    Judgments. Amendment.    Bond for titles.    Levy and sale.    Vendor and purchaser.    Before Judge JAMES JOHNSON.    Muscogee Superior Court.    November Term, 1873.

Hugh G. Ivey, sheriff of Muscogee county, held certain funds in his hands, realized upon a sale of property under an execution against John F. Cleghorn.    The levy under which such sale was made, was upon a "two-thirds undivided interest in and to a parcel of land," unnecessary here to be described. He was ruled at the instance of one of the judgment creditors of the defendant.    To this proceeding various other creditors were made parties, and amongst them H. S. & J. M. Estes, who petitioned the court, substantially, as follows :

The money in the hands of the sheriff, was raised by sale of certain real estate, to-wit: that described in the entry of levy.    This property had been purchased of them by Jesse J. Bradford and John F. Cleghorn for the sum of $2,500 00, of which $400 00, besides interest, is still due and unpaid. For this balance they hold two executions, each for $200 00, besides interest, against said Bradford and Cleghorn.    They, therefore, pray that the money in the sheriff's hands may be paid to them.

There were judgments of older date than those upon which the executions in favor of H. S. & J. M. Estes were based, more than sufficient to exhaust the fund to be distributed. The court ordered the money to be appropriated to them in the order of their dignity.    To this ruling H. S. & J. M. Estes excepted.

The bill of exceptions recites that "after said judgment had been rendered, and after the court had made some progress in another cause or causes," counsel for H. S. & J. M. Estes asked leave to amend the allegations in their petition claiming the aforesaid fund.    This the court refused to permit, and petitioners excepted.

What the amendment proposed was, does not appear either from the record or bill of exceptions.    It is to be gathered

from the abstract and brief that the petitioners desired to show that the defendant in execution held the land from the sale of which said money was derived under a bond for titles from them, the condition of which would not become absolute until the payment of the $400 00, besides interest, balance of the purchase money, which was represented by the executions presented by them.

Error is assigned upon each of the above grounds of exception.

L. T. DOWNING, for plaintiffs in error.

C. J. THORNTON, by R. H. CLARK; B. H. CRAWFORD, by JAMES M. RUSSELL, for defendants.

McCAY, Judge.

1. We have no fault to find in this practice of Judge Johnson in cases like the present. Something of the sort would seem to be necessary for the intelligent administration of the law. There is a fund in the sheriff's hands for distribution. It is hardly possible, if there be several claimants, to do justice between them in such a way as that the record shall show what has been done without requiring just such a statement to be made by each party as the judge required in this case. The jurisdiction is an equitable one, and we would be very slow to interfere with any practice which, without doing injustice, shall have the effect to reduce into order and method the inevitable confusion which must arise in such cases where the parties are permitted to state by parol the nature and dignity of their claims, leaving the court to grope among the papers for the true points of the controversy.

2. As we said in the case of *Walton vs. Jones*, at this term, we recognize that during the time the judgment of the court, in such cases, is in the breast of the judge, it may be opened by him at his discretion, yet to justify an interference by this court the refusal to interfere must be grossly unjust. Necessary rules of order require that a point once made and

Estes *vs.* Ivey *et al.*

ruled upon shall continue settled, unless the court sees that injustice has been done. If a party may, as matter of right, ask and reask a rehearing, the public business cannot be done. Generally the rules of order are to be observed. The movant has a right to open and conclude—all points must be insisted on at once. A decision once announced must be acquiesced in, etc., etc. But if the court see that the principles of justice require a deviation from these rules, he may even reopen his own action and rehear a case. But this is very largely in his discretion, and he will only be reversed here when injustice has been done, and the party complaining be without fault. We can see no error in the refusal in this case. The court was occupied with other business, and the party failed to show what it was he had new in the case. If one be in default, as, the complainant was here, and asks a review, he should take a proper time to make his request, and he should make it in such a way as that the court can see at once what is the point. This was not done here. The request itself was out of order, as there was other matter before the court.

3. Previously to the Code, it was necessary to file a bill to get at the right of the defendant in property situated as this was. His right was a purely equitable one. The land was the property of the vendor, and subject to levy and sale as his property. Taking this statute altogether, it is evident that the intent was to give the plaintiff in *fi. fa.* the right to do exactly what equity would have decreed, to-wit: to sell the land—the whole title—pay the vendor out of the proceeds all that was due him, and appropriate the balance to the judgment. To do this, we think the act must be complied with. If the levy be merely of the defendant's interest, or on the land as his property, the purchaser, if he gets anything, clearly ought only to get the defendant's interest, and if so, the vendor has no interest in the proceeds. He still holds the title, and he may proceed as though there had been no sale. If his (the vendor's) title is sold, then, and then only, can he claim the proceeds.

4. Nothing was done here indicating that the whole interest

was sold; no notice was given, as the statute requires. Evidently there is a mistake in this section. The party to be notified ought, in common sense and common honesty, to be the holder of the notes. He is the party whose interests are to be affected. The holder of the bond generally gets notice by the levy. Here was no notice to any one. Nothing appears to show that the sale was of the whole title. We think, to justify a sale of the whole interest, as contemplated by this section (3586) of the Code, there should be reasonable notice, so that all parties, defendant and holder of the notes, shall know what is to be sold, and have due notice of what is about to be done. If there be no such notice, nothing is sold but the interest of the defendant, if that, and the purchaser gets nothing but the right to stand in the defendant's shoes. The vendor has still his remedy. The land is still his. He may sue, file his deed, and sell.

Judgment affirmed.