The Columbus Factory *vs.* Herndon *et al.*

---

THE COLUMBUS FACTORY, plaintiff in error, *vs.* JOHN C. HERNDON, sheriff, *et al.*, defendants in error.

1. When the court undertakes to distribute money in the hands of the sheriff according to the respective liens upon the funds in hand, it does so upon equitable principles, in view of the priority of the liens created by law thereon, for the reason that the money is not subject to levy and sale in satisfaction thereof.

2. Where the property of the defendant was sold under a junior execution, and one of older date was placed in the hands of the sheriff to claim the fund; and an execution against the plaintiff in such senior *fi. fa.* was also placed in such officer's hands claiming whatever amount might be awarded to such older *fi. fa.*, and pending this proceeding, after the aforesaid sale, the plaintiff in such senior *fi. fa.* transferred the same for a valuable consideration :

*Held*, that the execution against him was nevertheless entitled to whatever amount should be awarded to his *fi. fa.*

Money rule. Sheriff. Executions. Liens. Before Judge JAMES JOHNSON. Stewart Superior Court. October Term, 1874.

For the facts, see the decision.

JOHN T. CLARKE ; G. E. THOMAS, for plaintiff in error.

M. J. CRAWFORD ; PEABODY & BRANNON ; D. H. BURTS, for defendants.

WARNER, Chief Justice.

This was a rule against the sheriff for the distribution of money in his hands, raised by the sale of Salter's property, under an execution against him. It appears from the evidence in the record, that the money in the hands of the sheriff for distribution by the judgment of the court, was raised by the sale of Salter's property on the first Tuesday in January, 1874, under a junior judgment *fi. fa.* to that of Hill against Salter, which was placed in the sheriff's hands to claim the money, and which was the oldest *fi. fa.* against Salter; and that at the same time, the Columbus Factory placed in the sheriff's hands an execution against Hill, if Hill's execution against Salter was entitled to the money in the sheriff's hands. Whilst both executions were in the sheriff's hands, claiming the money as before stated, Hill, for a valuable consideration, as the record states, on the 17th of January, 1874, transferred his execution in writing to DeLauny, who claimed that the money due thereon should be paid to him out of the money in the sheriff's hands, and not to·the execution in favor of the Columbus Factory against Hill, and the court so decided, whereupon the counsel for the factory excepted.

1. When the court undertakes to distribute money in the hands of the sheriff according to the respective liens upon the

The Columbus Factory *vs.* Herndon *et al.*

fund in hand, it does so upon equitable principles, in view of the priority of the liens created by law thereon, for the reason that the money is not subject to levy and sale in satisfaction thereof. Therefore, when Hill's execution was entitled to the money raised from the sale of Salter's property, the Columbus Factory, having placed its execution in the hands of the sheriff, was equitably entitled to have its lien satisfied out of the money in the hands of the sheriff which belonged to Hill, and such is believed to have been the uniform practice of our courts in such cases. In *Welborn vs. Bonner*, 9th *Georgia Reports*, 82, this court held that in such cases a court of equity did not have jurisdiction on a bill filed, because the complainant had an ample and adequate remedy at law by placing his execution or judgment in the hands of the sheriff, and having the money in his hands distributed by the court according to the respective liens upon it created by law. The placing of the execution of the Columbus Factory against Hill in the sheriff's hands, was sufficient notice to him that it claimed the money, and authorized him to retain it until court for its adjudication and distribution.

2. DeLauny purchased the judgment and execution founded thereon whilst this contest for the money in the sheriff's hands was pending, and subsequent thereto, and is chargeable with notice of the equitable claim of the Columbus Factory on the money in the hands of the sheriff as belonging to Hill, at the time he took the transfer of the judgment from Hill, and occupies no better position before the court in respect to his claim on the money than Hill himself would have done if he had claimed the money. The Columbus Factory having placed its execution in the hands of the sheriff, claiming the money as belonging to Hill, before the transfer of the judgment and execution to DeLauny, it has the superior equity, and was entitled to have had the money belonging to Hill appropriated to its *fi. fa.* instead of to the assignee of Hill, who obtained his title to the judgment pending the litigation betwen the Columbus factory and Hill for the money in the sheriff's hands. When one purchases property pending liti-

gation for that property, he acquires no better title to it than the one from whom he purchased it had, as against the litigating claimant thereto.

Let the judgment of the court below be reversed.