BLANDFORD & THORNTON *vs.* McGEHEE, trustee.

An issue in a claim case cannot be enlarged by equitable pleading to the effect that while the judgment, as rendered, did not bind the property levied on, yet that the services for which the judgment was rendered were for the benefit of the trust estate to which the property belonged, and were rendered for the trustee in ignorance that he held the property in trust. Such pleadings would be, in effect, to seek a new judgment.

Claims. Pleadings. Judgments. Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1880.

Blandford & Thornton *vs*. McGehee, trustee.

Reported in the decision.

BLANDFORD & THORNTON, for plaintiffs in error.

S. B. HATCHER; PEABODY & BRANNON, for defendants.

SPEER, Justice.

Blandford & Thornton obtained a judgment against Allen C. McGehee on the 20th December, 1877, on which a *fi. fa.* issued on 31st December, 1877, and which they caused to be levied on a certain brick store-house in the city of Columbus, as the property of defendant. To this property the defendant in *fi. fa.*, as trustee of his wife, L. V. McGehee, and children, interposed his claim. On the filing and joining issue on said levy and claim, plaintiffs in *fi. fa.* filed their equitable plea in aid of their levy, in which they aver " that the judgment on which the *fi. fa.* issued and is now levied was rendered for services as attorneys at law by plaintiffs in defending and prosecuting and representing the defendant, Allen C. McGehee, in several actions brought to the superior court of said county, one claiming $1,500.00 and two others claiming three thousand dollars, and which claims were anterior to the voluntary deed made by defendant to his wife and children, (under which they now claim,) and which embraced all of defendant's property, and rendered him insolvent. That if there had been a recovery on said claims, the property levied on would have been subject thereto, and the services therefore rendered by plaintiffs were in fact rendered for said trust estate. That at the time of their employment defendant in *fi. fa.* was in possession of said property levied on. That the voluntary deed purports to have been made 27th day of September, 1869, and plaintiffs were employed 1st January, 1870, without any knowledge of said deed, and were never informed of it, either by defendant or the *cestui que trust*, and if they

had been so informed, they would not have rendered said service. They ask that the defendant be declared a trustee in their employment, and said property be made subject to the said execution."

To this equitable plea claimant demurred, which demurrer was sustained by the court, and plaintiffs in error excepted.

It appears from the case made by plaintiffs in this record that they were the attorneys at law representing the defendant in *fi. fa.* in prosecuting and defending for *him* certain *claims* and suits *against him* in the superior court of the county ; that prior to their employment, which was on the 1st day January, 1870, the defendant, on the 27th day of September, 1869, executed a voluntary deed to this property levied on to his wife and children, the claimants in this case, and it is averred it was a voluntary deed, conveying the whole of his estate.

They further claim that without any knowledge of this deed they rendered services to the defendant in *fi. fa.* which resulted in a benefit to the trust estate. They seek to have the defendant declared a trustee for the property for their benefit, and that it may be made subject to their debt.

Was the court right in dismissing the plea on demurrer?

If it is proposed to subject the property because the voluntary deed was fraudulent as to the plaintiffs, then this could be affected as well under the issue filed in claim cases as by the equitable plea demurred to.

If it is proposed to have this property to be decreed to be subject to this judgment against the defendant, because it was obtained for services rendered the trust estate, then we do not see under any rule of pleading that occurs to us how, on the interposition of a claim case, a suit either in law or in equity could be engrafted on the issue, seeking to recover a *different judgment* from the one already rendered, or else moulding and changing a judgment duly rendered by a court of competent jurisdiction into one to meet the exigencies of plaintiffs' case.

Blandford & Thornton *vs.* McGehee, trustee.

Our claim laws afford a statutory remedy for a special case. They are *sui generis.* An officer seizes and threatens to sell a tract of land by virtue of an execution against A.; B. claims it and interposes his affidavit that it is not the property of defendant, but is his property; and this is the issue that is tendered on the trial, is the land subject or not subject to the *fi. fa. ?* And now the plaintiff rejoins, and says "it may be true that the property levied on is not subject to this *fi. fa.*, but, nevertheless, I am entitled to have my judgment satisfied. I rendered the service which relieved this property from peril, and though I made no contract with the owner, though my contract alone for services was with the defendant, yet I ask a court of equity to come to my relief and render me a judgment that will meet the exigencies of my case." It is true the Code, §3027, expressly permits any suitor to set up on the law side of our superior court an equitable cause of action, and directs the court so to mould its proceedings as to give effect to this right; but we are not prepared to hold that such an anomaly is allowable as the grafting of an equitable or common law cause of action upon an issue of subject or not subject, and which seeks to reform or alter the judgment under which the case is proceeding, or seeks to recover a new and different judgment in a manner not provided for by law.

If these plaintiffs insist that the voluntary deed is fraudulent and void as to them, they can test this question fully and completely under the usual issue tendered in claim cases. If they insist the land, though trust property, should be subjected because their judgment was for services rendered either the property or the *cestui que trusts*, then the statute affords an ample remedy at law to sue and recover all that is due. Code, §3378; 47 *Ga.*, 485. They cannot say, "if our judgment has no lien on this land, now we ask the court to let us recover one that will have a lien." Another procedure we think essential

Blandford & Thornton *vs* McGehee, trustee.

to the assertion of such a right.   A judgment is the *final* result of pleadings, evidence and law in the case.   Here it is sought to be made the fruitful germ from which shall spring new causes of action that will unsettle what has been settled, and in the future will render the "finality of a judgment" a myth and not a reality.

We think therefore the judgment of the court was right in sustaining this demurrer.   It was not germain to the issue.   By it the plaintiffs admitted the land was not, as the judgment was rendered, subject to their *fi. fa.*, and were admitting themselves out of court, unless the court would allow them to institute a new cause of action against a new party, and recover a different judgment.   Liberal as the law is in the allowance of amendments to pleadings, we think this stretches beyond the letter or spirit of the most liberal rule of pleading.   In claim cases both parties may amend their pleadings by special equitable pleas, but these equities set up must go to illustrate the issue, either the authority of the officer who levies, or that the land is subject to the lien, or the converse of this proposition.

"Neither party can set up a new and distinct issue—as, that one owes the other—or, that if the judgment is not a lien, some other paper or parol contract does give him a lien on the land, and if he has not now an authority to seize and sell the land, certain facts exist which will justify the court in giving a judgment which will authorize him to do so."   48 *Ga.*, 625 ; 59 *Id.*, 621.

Judgment affirmed.