## HARDMAN *v.* COOPER.

Where an execution against one, in his individual capacity, was levied upon land to which he, as the legal representative of a deceased person, filed a meritorious claim, it was not competent for the plaintiff in execution to enlarge the issue thus made, by filing an equitable amendment alleging that a portion of the debt embraced in the execution was in fact due by the decedent, and thereon obtain a judgment subjecting the property levied on to the satisfaction, pro tanto, of such execution.

Argued March 22, — Decided April 20, 1899.

Levy and claim. Before Judge Hutchins. Jackson superior court. August term, 1898.

Under an execution in favor of Hardman against William Cooper individually, certain land was levied on as the property of the defendant, and a claim was interposed by him as executor of Willis Cooper. On the trial the plaintiff offered the following amendment to the issue tendered by him: The land levied on was sold by plaintiff to Willis Cooper, and bond for title given. The debt was, on February 25, 1879, $1,537.13, and on that day a bond for title was given by plaintiff to Willis Cooper, conditioned to make title on payment of said debt, which was to become due December 25, 1880. At the time of Willis Cooper's death he was residing on the 169-acre tract described in the levy, and William Cooper on the other tract. On November 6, 1883, William Cooper represented to plaintiff that he had settled with all the legatees and was ready to be dismissed when he obtained plaintiff's note, and requested plaintiff to surrender the note he held against Willis Cooper and take his for the same amount and retain the title to the land and give a new bond for title. This the plaintiff did. There was no intention on the part of either to surrender title or vest it in the estate of Willis Cooper. Both parties understood the legal effect of the transaction to be a renewal of the old debt and with the same security. Plaintiff's money has never been paid, and it is due him out of the land in question. When plaintiff took William Cooper's note the amount William Cooper owed plaintiff was included, but there was $1,110.45 principal, besides interest at eight per cent. since October 1, 1883, and ten per cent. of principal and interest as attorney's fees, due on Willis Cooper's debt, and which is included in the judgment obtained. William Cooper is insolvent, and plaintiff can not make his money except out of the land levied on. Wherefore he prays a verdict and decree finding the property in dispute subject, and that it be sold, and, after plaintiff's debt is paid, the remainder, if any, from the land be turned over to William Cooper as executor of Willis Cooper.

The court refused to allow the amendment. From the evidence it appeared that Willis Cooper was at the time of his death in possession of the land in dispute, and left a will in which he named his son William Cooper as executor, and di-

rected that after payment of his debts all his property be sold
and the proceeds divided between his wife and his children.
At the time of the levy William Cooper was in possession of
the land as executor.  The plaintiff testified, in substance, to
the facts set out in the proposed amendment.  The second
bond for title was to William Cooper individually, his purpose
being to buy the land for himself.  After judgment had been
obtained upon William Cooper's note, the plaintiff executed a
deed to him to the land in question, for the purpose of levying
upon it, and the levy was then made.

The court directed a verdict in favor of the claimant.  The
plaintiff moved for a new trial, alleging as error the rulings
stated; and to the overruling of the motion he excepted.

*John J. Strickland* and *R. L. J. Smith*, for plaintiff.
*W. I. Pike*, contra.

LITTLE, J.  The plaintiff in fi. fa. was not entitled to a ver-
dict finding the land subject, when it appeared that the claim-
ant's possession was as executor of the will of Willis Cooper.
Nor do we think that the equitable issues which were tendered
by him by way of amendment ought to have been allowed.
The amendment offered would, if allowed, have changed the
entire character of the proceeding.  The issue under the claim
was, whether the land levied on was the property of William
Cooper, and therefore subject to plaintiff's judgment against
William Cooper.  The amendment virtually alleged that the
estate of Willis Cooper owed the plaintiff, as the balance of
the purchase-money of certain lands, a part of the sum incorpo-
rated in the judgment, and it was sought by the amendment
to have the land subjected to the payment of so much of that
judgment as represented the debt of the testator, and this, too,
without ever having put the title of the land which he wished
to subject in the estate of Willis Cooper, or having the amount
he claimed the estate owed him adjudicated in any way.
More than this, the testimony of the plaintiff showed he had
surrendered the note given to him by Willis Cooper, and taken
in lieu of it the note of William Cooper, and entered into a
new obligation to make William Cooper individually a title to

the very land for the purchase of which he claimed, by his amendment, the estate of Willis Cooper was indebted to him. The record shows that there were three heirs at law of the estate of Willis Cooper besides William Cooper, the defendant in fi. fa., and we know of no principle of law which would permit their rights to be adjudicated in a claim case between the plaintiff in error and William Cooper individually.

It is not necessary for this court, under the questions made in this record, to decide whether the plaintiff in fi. fa. had voluntarily surrendered his lien on the land in the hands of the executor for balance of the purchase-money, nor whether, by taking the note of William Cooper individually, and surrendering that of the testator, he had relinquished his claim on the executor. It will be time enough to pass on these questions when a case calling for their adjudication is made.

What we do decide is, that the plaintiff, who seeks in a claim case to subject certain property to a judgment which he holds against one individually, can not, when it is shown that the individual has no title to the property which he seeks to subject, set up, by way of amendment to the issue thus raised, an equity to have such land subjected to the payment of a part of the debt represented by the judgment as the property of a testator whose representative is not bound in his representative character by such judgment. Such an amendment changes the issue entirely. The claim was interposed to test the question whether the land was subject to the judgment— whether the sheriff had a right to levy the execution on the land claimed and sell it for the debt. The amendment admits that the land is not subject to the judgment, but claims that the plaintiff is entitled to have it sold under another claim, as the property of some one else. As was said by Judge McCay, in *Cox* v. *Cox*, 48 *Ga.* 619, where the plaintiff in fi. fa. sought to enlarge the issue by a similar equitable amendment, "this is an utter misconception of the claim laws." In the case of *Blandford & Thornton* v. *McGehee*, 67 *Ga.* 84, this court held that an issue in a claim case could not be enlarged by an equitable plea to the effect that, while the judgment as rendered did not bind the property levied on, yet, as the services for which the judgment was ren-

dered were for the benefit of the trust estate of which the property levied on was a part, such property ought to be subjected, notwithstanding the judgment was against the defendant in fi. fa. individually. In the decision of that case it was said that, "Liberal as the law is in the allowance of amendments to pleadings, we think this stretches beyond the letter or spirit of the most liberal rule of pleading." The court committed no error in rejecting the offered amendment, nor in directing a verdict for the claimant; and the motion for a new trial was properly overruled.

*Judgment affirmed. All the Justices concurring, except Cobb, J., who was disqualified.*