ALSABROOK *v.* PRUDENTIAL INSURANCE COMPANY
*et al.*

No. 8788. MARCH 18, 1932.

*Davis & Friedin,* for plaintiff in error.

*James H. Brown, J. W. Dennard* and *Alex. M. Hitz,* contra.

GILBERT, J. A security deed covering described real estate, made by J. Frank Powell to Prudential Insurance Company of America, was foreclosed. At the sale under the execution the Insurance Company bid in the land. For the purpose of having their money made, the holders of other executions against Powell, among them Mrs. Alsabrook, placed their executions in the hands of the sheriff. These executions aggregated $1005.94, which amount the Insurance Company paid to the sheriff. Written demand of the Insurance Company for return of this money was refused by the sheriff, and the Insurance Company filed its petition for a rule against the sheriff, to require him to show cause why he should not pay the money to it. By intervention Mrs. Alsabrook asserted the priority of the execution held by her, amounting to $337.85. Her contentions are that in the foreclosure of the security deed the Insurance Company did not follow the provisions of the Code, § 6037; that the sale of the land was therefore void; and that as her judgment was obtained at a term of court prior to that at which the judgment of the Insurance Company was obtained, her older judgment should prevail. She sets up that the quitclaim deed of the Insurance Company to Powell was never delivered to Powell; that it did not recite that it was made for the purpose of levy with a special lien on the land; that it was executed before the issuance of the execution in favor of the Insurance Company; and by other allegations she seeks to attack collaterally the judgment in favor of the Insurance Company. She alleges that "the afore-recited efforts of movant [referring to the foreclosure proceedings by the Insurance Company] are ineffectual to invest and transform Powell's equitable interest into a legal title," and the only prayer is

"that the application for intervention be allowed and ordered filed, and that intervenor's judgment be paid out of the funds in the sheriff's hands."

Has this court jurisdiction of the proceeding? That depends upon whether it is an "equity case" as contemplated in the constitution of Georgia, as amended in 1916 (Ga. Laws 1916, p. 19; Code, § 6502). The constitution, as amended provides that "The Supreme Court shall have . . jurisdiction . . in all equity cases," among other characters of cases. As shown above, this is a rule against a sheriff. No extraordinary remedies are sought. Prior to the Code, in Georgia sheriffs were ruled under the common law, and the decisions were based upon law or equitable principles, according to the peculiar facts of the case. In *Estes* v. *Ivey*, 53 *Ga*. 52 (at p. 55), this court said: "Previously to the Code, it was necessary to file a bill to get at the right of the defendant in property situated as this was. His right was a purely equitable one. In *Columbus Factory* v. *Herndon*, 54 *Ga*. 209 (at p. 211), it was said: "When the court undertakes to distribute money in the hands of the sheriff according to the respective liens upon the fund in hand, it does so upon equitable principles, in view of the priority of the liens created by law thereon, for the reason that the money is not subject to levy and sale in satisfaction thereof." And further "In *Wellborn* v. *Bonner*, 9th *Georgia Reports*, 82, this court held that in such cases a court of equity did not have jurisdiction on a bill filed, because the complainant had an ample and adequate remedy at law by placing his execution or judgment in the hands of the sheriff, and having the money in his hands distributed by the court according to the respective liens upon it created by law." Beginning with the first Code, there has been statutory provision for rules against sheriffs and other similar officers, including justices of the peace. Code of 1861, §§ 3852-3865. Those sections have undergone some changes. The provisions applicable are now found in the Civil Code of 1910, §§ 5341-5354. Particularly applicable to the present proceeding are §§ 5343 and 5348. The latter section in part declares: "Money raised by legal process, not being subject to levy and sale, the court in making distribution proceeds upon equitable principles." Thus it will be seen that before the Code the court proceeded according to "equitable principles," and since the code the statute requires the pro-

ceeding to be according to "equitable principles." The case of *Wellborn* v. *Bonner,* 9 *Ga.* 82, was decided previously to the adoption of the Code, and, as it has been shown above, a bill in equity for the purpose of bringing about the distribution of money by the sheriff would not lie when there was an adequate remedy at law. In *Barrett* v. *Pulliam,* 77 *Ga.* 552, this court held: "A rule against an officer for failure to collect money is a suit or action, and must contain every allegation necessary to show the right of the plaintiff to recover." It is not necessary to decide at this time just how far that declaration extends; in other words, to what extent a money rule against a sheriff is a suit or action or "case." Our question is whether it is such an "equity case" as is contemplated in the constitution prescribing the jurisdiction of this court.

The code provision that the court proceed upon "equitable principles" is not equivalent to providing that such a proceeding is an "equity case." In other words, the code merely declares that which had been practiced by the court, that in rules against public officers the court proceeded upon "equitable principles." The code does not declare that only a court of equity has jurisdiction to decide issues raised by a money rule against a sheriff. Whether the powers of equity, technically speaking, are to be exercised depends upon the pleadings and the evidence in the case. It is well recognized that the application of "equitable principles" may be had in courts which have no equitable jurisdiction, that is, jurisdiction for affording affirmative equitable relief. If there are pleadings and facts to warrant affirmative equitable relief, only this court could entertain jurisdiction for purposes of review. Where the pleadings and evidence do not authorize affirmative equitable relief, this court would have no jurisdiction for purposes of review. "Merely that a defense involves the application of equitable principles does not deprive a city court of jurisdiction to entertain the same. A plea which, though setting up a defense which is equitable in its nature, is purely defensive and does not involve the exercise of any of the extraordinary powers of a court of equity, may be filed in a city court. But when the plea calls for the exercise of those powers which have sometimes been described as 'the larger powers' of the court of chancery, such as cancellation, reformation, and the like, a city court can not entertain jurisdiction." *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722).

A money rule, for present purposes, may be compared to a claim case as it exists under our code. "A claim is really an intervention authorized by statute in a proceeding to which the claimant is not a party, and therefore a claim case partakes of the nature of an equitable proceeding. *Williams* v. *Martin,* 7 *Ga.* 380 ; *Colquitt* v. *Thomas,* 8 *Ga.* 264. It follows that when the progress of an execution is stopped by a claim and the proceeding is converted into a quasi-equitable proceeding, either the plaintiff in execution or the claimant can, by way of amendment to the issue thus joined, introduce, in aid of their respective demands, any equitable matter germane to the issue, which is whether or not the property is subject to the execution. See *Cox* v. *Cox,* 48 *Ga.* 624 ; *Hardman* v. *Cooper,* 107 *Ga.* 251" (33 S. E. 73). *Ford* v. *Holloway,* 112 *Ga.* 851 (38 S. E. 373). In *Green* v. *Hill,* 101 *Ga.* 258 (at p. 262) (28 S. E. 692), it was said : "A rule for money is in the nature of an equitable proceeding." In *Continental Fertilizer Co.* v. *Madden,* 140 *Ga.* 39, 41 (78 S. E. 460), this court said : "On the trial of a money rule equitable principles may be invoked by *"pleading and evidence."* (Italics ours.) In *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 394 (125 S. E. 844), this court, speaking through Mr. Justice Hines, said : "The complaint alleges that 'plaintiff brings his petition in this court of equity, joining all parties liable, the effect of which will be to avoid a multiplicity of suits and circuity of action.' The allegation that the suit is brought in a court of equity and that the effect of the action will prevent a multiplicity of suits, a consequence which a court of equity, under certain circumstances, seeks to prevent, is not conclusive of the character of the action. Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed, and not by the designation given to the action by the pleader. *City of Albany* v. *Cameron,* 121 *Ga.* 794 (49 S. E. 798). . . It is well settled in this State, that, in determining the question whether a case is one at law or in equity, the nature of the relief sought, rather than the form of the allegations of the complaint, is important. So while some of the allegations of the petition are appropriate to a proceeding in equity, the general scope and only prayer thereof seek legal relief. Therefore we are of the opinion that the action is one at law, rather than one in equity." *Burress* v. *Montgomery,* 148 *Ga.* 548 (97

S. E. 538); *Mulherin* v. *Neely,* 165 *Ga.* 113, 115 (139 S. E. 820); *Long* v. *Lynch,* 166 *Ga.* 497 (143 S. E. 579); *Avant* v. *Hartridge,* ante, 278 (162 S. E. 524).

We have undertaken to show that in some instances a judgment in a money-rule proceeding can be reviewed only in this court, and in others this court would be without jurisdiction. Prior to the constitutional amendment in 1916 this court, under the constitution, had jurisdiction of such judgments when rendered in a superior court, regardless of its character as an equitable proceeding or a common-law proceeding. Accordingly in the reports of decisions in this court there will be found cases of both character. This case is controlled by the decisions in *Rucker* v. *Tabor,* 133 *Ga.* 720 (66 S. E. 917), *Elmore* v. *Southern Bank & Trust Co.,* 150 *Ga.* 811 (105 S. E. 474), and *Hosch* v. *Smith,* 154 *Ga.* 789 (115 S. E. 646). This court being without jurisdiction, the case is transferred to the Court of Appeals.

*So ordered. All the Justices concur.*