19071, 19092.   HARDIN *et al. v.* MANRY, Executrix; and *vice versa.*

Submitted September 13, 1955—Decided October 13, 1955.

*Dobbs & Whitmire, Williams & Freeman,* for plaintiffs in error. *Kennedy, Kennedy & Seay, Harvey J. Kennedy, Jr., Clifford Seay,* contra.

WYATT, Presiding Justice. 1. The declaration in attachment sets up that the defendants in attachment are indebted to the plaintiff in attachment in the sum of $10,000 by reason of a contract of employment contained in a letter addressed to him and signed by the two defendants. The letter reads as follows: "This is to certify that we have employed B. H. Manry as our attorney to represent us to recover our interests from H. H. Hardin et al. in the land and timber of the W. R. Thornton estate, in Lamar and Monroe Counties, Georgia. We agree to pay said Manry for his services one-third of the land and timber recovered and also one-third of the proceeds from the sale of the lumber already cut from the Childs place. He is hereby authorized to file suits in our name or any other proceedings that he may deem necessary to protect our interest in said estate in both the Home place and the Childs place."

It is further alleged that the recovery obtained as a result of the litigation instituted and prosecuted by the plaintiff in attachment as attorney for the defendants provided, in so far as is here material, as follows: "1. That each of the plaintiffs is the owner of an undivided one-sixth (1/6) interest in remainder in both the Home place and the Childs place as described in the petition in this case. 2. That plaintiffs do have and recover of the defendants Hardin Trading Company, Inc., and H. H. Hardin and H. H. Hardin, executor of the estate of T. J. Hardin deceased, the sum of two thousand four hundred and ninety-two dollars and ninety-eight cents ($2,492.98) with interest from this date at 7% per annum." There was a prayer for a judgment and for a special lien against the property levied upon.

The first amendment to the declaration in attachment alleges in substance that the defendants in attachment are cutting timber from the property levied upon, and prays "judgment against the claimants in the event the property levied upon should be found subject for the amount of damage done by claimants by cutting and removing the timber and trees therefrom."

The second amendment to the declaration in attachment, in so far as here material, alleges: "Plaintiff in attachment shows that at the time this attachment issued and was levied, the record title to defendant's interest in the property thus levied on was in the name of defendants in attachment, R. O. Thornton and J. H.

Thornton. 2. That subsequent to the levy of said attachment, the claimants named in the caption above filed for record in the office of the Clerk of the Superior Court of Lamar County, Georgia, an alleged deed allegedly executed by defendants in attachment, namely: R. O. Thornton and J. H. Thornton and which said alleged deed is the one under which they claim. 3. Plaintiff in attachment further shows that, prior to the alleged execution of said deed to said claimants, defendants in attachment owned a one-third undivided interest in the property described in paragraph two (2) above, subject to the equitable title of this plaintiff in attachment. 4. That under and by virtue of the contract between plaintiff in attachment and the defendants in attachment, copy of which is attached to the declaration in attachment, marked 'Exhibit A' and made a part thereof, plaintiff in attachment owned a beneficial interest of one-third of the interest owned by said defendants in attachment in said lands and the latter held said one-third interest equitably belonging to this plaintiff, in trust for the use and benefit of this plaintiff. 5. That said defendants in attachment at all times from the date of said contract (copy of which is attached to said declaration of attachment, marked 'Exhibit A' and made a part thereof), recognized the validity of the interest of this plaintiff in attachment in said land, and acknowledged that they were holding said one-third interest in trust for this plaintiff in attachment. 6. Plaintiff shows that claimants herein would not now have title to the interest of the defendants in attachment in the lands here in question, and would not have such title in the vast acreage otherwise allegedly conveyed by defendants in attachment to the claimants by the purported deed under which they claim and said claimants cannot now in good conscience defeat the equitable rights of plaintiff in attachment. 7. Plaintiff in attachment shows that he did not consent for the defendants in attachment to sell any part of the lands here in question. 8. Plaintiff in attachment further shows that the claimants had full and ample notice that plaintiff in attachment owned an equitable interest in all of said property, and that they took delivery of said deed, if same was ever delivered to them, with full knowledge of and subject to plaintiff's rights therein."

The prayers of this amendment are: "That. this court, by its

judgment, hold that the lands here in question are subject to plaintiff's attachment. (b) That this court, by its judgment, decree that said claimants accepted delivery of the deed under which they claim with full knowledge of plaintiff's rights. (c) That this court decree that the claimants hold title to the lands levied upon subject to plaintiff's attachment. (d) That plaintiff in attachment have such other and further relief as to this court may seem just and equitable. (e) That plaintiff have judgment on his declaration in attachment in a sum of ten thousand ($10,000) dollars plus his interest on said sum."

The confused state of the pleadings and the rather ambiguous language contained in the amendment make it difficult to determine just what relief is sought by the amendment. The defendant in error, however, in his brief says: "Appellee's testator brought this action by way of attachment to recover on a contract of employment against two defendants who reside in New York. Appellants are claimants. Appellee's testator amended his declaration in attachment after the claims were urged and converted the action into one in equity founded on a trust. The case was tried on that theory." We think the pleadings are capable of this construction. We therefore construe the pleadings as contended by the one who did the pleading.

Thus construed, the motion to strike and dismiss the proceeding should have been sustained. This court in *Georgia Power Co.* v. *City of Decatur*, 170 *Ga.* 699, 719 (154 S. E. 268) said: "We therefore hold that while equitable pleadings may be filed by way of amendment in a claim case, by either party thereto, such pleadings must be germane to the issue in the case, which is whether the property levied upon is or is not subject to the execution levied; and this rule can not be so extended as to convert the issue in a claim case into a general action where either party may obtain a general judgment in personam, as was done in the instant case."

"Where an execution against one, in his individual capacity, was levied upon land to which he, as the legal representative of a deceased person, filed a meritorious claim, it was not competent for the plaintiff in execution to enlarge the issue thus made, by filing an equitable amendment alleging that a portion of the debt embraced in the execution was in fact due by the decedent, and

thereon obtain a judgment subjecting the property levied on to the satisfaction, pro tanto, of such execution." *Hardman* v. *Cooper*, 107 *Ga.* 251 (33 S. E. 73).

"Neither party can set up a new and distinct issue, as that one owes the other, or that if the judgment is not a lien, some other paper or parol contract does give him a lien on the land; that if he has not now an authority to seize and sell the land, certain facts exist which will justify the court in giving a judgment which will authorize him to do so." *Cox* v. *Cox*, 48 *Ga.* 620, 624.

Numerous other authorities are cited and collected in the cases above cited on this question. In the instant case, the plaintiff in attachment attempted to convert a claim case into "one in equity founded on a trust." This he can not do.

2. Since the above ruling precludes the plaintiff in attachment from maintaining this suit as brought, it becomes unnecessary to pass upon the admissibility of evidence, raised in the cross-bill, as well as upon the other questions raised in the main bill of exceptions.

It follows, the judgment refusing to strike the attachment proceedings was error, and all that happened thereafter was nugatory.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*