20090. LANCE *v.* CRANE, Administrator.

SUBMITTED JUNE 9, 1958—DECIDED JULY 11, 1958.

*Hammond Johnson, Jr.,* for plaintiff in error.

*Jeff C. Wayne, Telford, Wayne, & Smith,* contra.

MOBLEY, Justice. C. L. Crane, as administrator of the estate of John H. Crane, published his notice of intention to apply to the Court of Ordinary of Lumpkin County for leave to sell certain realty owned by the intestate. Rosie Lee Lance filed her claim in said court, alleging that the property was not that of the estate but was the property of the claimant. The case was thereupon transferred to the Superior Court of Lumpkin County for trial upon the issues. Thereafter the claimant filed an

amendment to her claim, which was allowed filed subject to demurrer. In her amendment the claimant set out two "counts". In count one, she alleged an oral contract between herself and the deceased, who was her brother, the substance of which was that she agreed to live with the deceased, keep house for him, and look after him until his death and he agreed to give her the home place and the land on which it was located. In count two the claimant alleged the various services she had performed for her brother and the value of such services and prayed for a judgment against the administrator in the amount of $8,080. The trial court overruled the demurrers to count one, sustained the demurrers to count two and struck said count from the claim. The case was tried on count one and resulted in a nonsuit. The claimant brings her writ of error to this court excepting to the judgment sustaining the demurrers to count two of her claim and to the judgment of nonsuit. We will deal first with the exception to the grant of a nonsuit.

■. "A contract upon which specific performance is sought must be certain, definite and clear, and so precise in its terms that neither party can reasonably misunderstand it." *Studer* v. *Seyer*, 69 *Ga.* 125, 126. "Proving the alleged contract by a preponderance of the evidence is not sufficient to satisfy the rigid test. It must be proved beyond a reasonable doubt, a burden quite as onerous as that imposed in criminal cases. *Scott* v. *Williams*, 167 *Ga.* 386 (145 S. E. 651); *McDermott* v. *Lankenau*, 170 *Ga.* 585 (154 S. E. 149)." *Salmon* v. *McCrary*, 197 *Ga.* 281, 285 (29 S. E. 2d 58) and cases cited. The evidence in the record wholly fails to establish the existence of a contract between the claimant and her brother as alleged in the amended claim. The substance of the entire evidence most favorable to the claimant may be briefly stated in the words of one of the witnesses who testified in her behalf, as follows: "The only thing that he [the deceased] said was that when he died he wanted Rosa [the claimant] to have what was on that side of the road [the property in question] for waiting on him." At most the evidence shows only that the deceased wanted to give the property to his sister for waiting on him and helping him, but there is absolutely no evidence that they had ever entered into a contract under which the claimant was to receive the

property in consideration for her staying with and caring for the deceased until his death. The claimant having failed to make out a prima facie case as to count one, the trial court did not err in granting a nonsuit.

■ In support of the ruling of the trial court dismissing count two of the claim, the defendant contends that such count, suing on quantum meruit to recover the reasonable value of services rendered to the deceased, alleges an express contract and was for that reason subject to general demurrer. The defendant bases his contention on the fact that the claimant in paragraph 12 of count two alleges that she completed her portion of an alleged agreement and performed all the duties expected of her under the agreement. It is contended that the word *agreement* shows an express contract. We do not agree with this contention. No express contract is alleged. The fact that the services of the claimant were furnished under an agreement and not voluntarily would be illustrative of an express or implied promise to pay for such services. A recovery under quantum meruit must be based upon a promise, express or implied, to pay for the services rendered, and the existence of an express promise or agreement to pay does not ipso facto create an express contract. See *Jackson* v. *Buice*, 132 *Ga.* 51 (63 S. E. 823); *Kitchens* v. *Pool*, 146 *Ga.* 229, 230 (91 S. E. 81); *Meador* v. *Patterson*, 25 *Ga. App.* 267 (103 S. E. 95).

However, the ruling of the trial court striking count two was correct for a different reason. Count two of the amended claim is in essence a suit in assumpsit to recover the reasonable value of the claimant's services expended by her in keeping house and nursing her brother, and the only prayer, other than the usual prayer for general relief, is for a money judgment against the administrator. The defendant administrator demurred to count two on the grounds, among others, that it alleged no cause of action and was not sufficient and germane to the issue formed under the claim. Where a claim is filed to property sought to be sold by an administrator, executor or trustee and the proceedings have been transmitted to the superior court for trial, "the right of property shall be there tried upon an issue made up in the same manner and under the same regulations, restrictions, and penalties as are provided for the trial of claims

to property levied on under execution." Code § 113-1802. "In an ordinary levy and claim case the sole issue is as to whether or not the property levied upon is subject to the execution." *Williamson* v. *Harry L. Winter, Inc.*, 156 *Ga.* 779 (1) (120 S. E. 602). While it is true that a claim case may be converted into an equitable or quasi-equitable proceeding, and equitable title to land may be set up and equitable rights adjudicated where the proper pleadings and parties are before the court (*Frick Co.* v. *Taylor*, 94 *Ga.* 683, 21 S. E. 713; *Ford* v. *Holloway*, 112 *Ga.* 851, 38 S. E. 373; *Douglas* v. *Jenkins*, 146 *Ga.* 341, 343, 91 S. E. 49, Ann. Cas. 1918C 322; *Hollinshead* v. *Woodard*, 128 *Ga.* 7, 13, 57 S. E. 79), yet the issues raised by amendment in such cases must be relevant and germane to the main question at issue, i.e., whether the property is subject to the levy. A distinct and new cause of action which is wholly unrelated to the issue raised by the claim can not be raised and determined by an amendment to a claim. *Cox* v. *Cox*, 48 *Ga.* 619, 624; *Blandford & Thornton* v. *McGehee*, 67 *Ga.* 84; *Hardman* v. *Cooper*, 107 *Ga.* 251, 254 (33 S. E. 73); *Southern Mining Co.* v. *Brown*, 107 *Ga.* 264 (3) (33 S. E. 73). In *Georgia Power Co.* v. *City of Decatur*, 170 *Ga.* 699 (5) (154 S. E. 268), this court held: "While pleadings of an equitable nature may be filed by way of amendment by either party in a claim case, such pleadings must be germane to the issue of such case, which is whether the property levied upon is or is not subject to the execution levied; and this rule can not be so extended as to convert the issue in a claim case into a general action where either party may obtain a general judgment in personam." And see *Hardin* v. *Manry*, 211 *Ga.* 906, 909 (89 S. E. 2d 495). Count two of the amended claim does not contain any equity but sets forth a suit for a money judgment against the administrator. Upon the principles cited above the trial court did not err in sustaining the demurrers thereto and striking count two from the amendment.

*Judgment affirmed. All the Justices concur.*