*Wright & Jackson,* contra.

---

### CROMLEY *v.* MOTOR LIENS INCORPORATED *et al.*

GILBERT, J. 1. "The holder of a junior mortgage is equitably entitled, when necessary to his protection, to make a tender to a prior mortgagee, who is proceeding to enforce his mortgage, of the principal, interest, and all costs due thereon, and demand a transfer thereof. In other words the junior mortgagee has a right to redeem in order to protect his interests." *Tillman* v. *Stewart,* 104 *Ga.* 687, 689 (30 S. E. 949, 69 Am. St. R. 192).

2. The above-stated principle is not applicable unless the junior mortgagee shows that such an assignment is necessary to his protection.

3. Under the pleadings and the evidence, the trial judge was authorized to find that the payment of the senior mortgage by the junior mortgagees and the transfer to the latter of the lien of the former was necessary to the protection of said junior mortgagees, because the land was about to be sold under a power of sale, and not at a judicial sale by the sheriff. In these circumstances the junior mortgagees did not have an adequate remedy at law by claiming the excess of the proceeds of the sale, as in judicial sales. In the present case, where the holder of the senior mortgage would sell under a power of sale, the purchase-price would come into his hands instead of into the hands of the sheriff, and this would necessitate a resort to equity at last by the junior mortgagees in order to protect themselves and obtain full relief by an adequate remedy.

*Judgment affirmed. All the Justices concur.*

No. 5548. MARCH 17, 1927. REHEARING DENIED APRIL 20, 1927.

Injunction. Before Judge Strange. Bulloch superior court. June 9, 1926.

Motor Liens Incorporated and Dan R. Thompson filed a petition for equitable relief against C. S. Cromley, alleging that Motor Liens Incorporated was the holder of a promissory note in the sum of $8,235.04, dated July 31, 1924, and due six months thereafter, with interest at 8 per cent. per annum, signed by R. G. Naylor, S. L. Naylor, and G. W. Lee, and of a deed to secure that note, signed by G. W. Lee and payable to Standard Motors Finance Company Incorporated, conveying certain described lands; that Dan R. Thompson was the owner of a security deed given to secure

---

Mortgages, 27 Cyc. p. 1811, n. 3.

Subrogation, 37 Cyc. p. 459, n. 11; p. 461, n. 22.

a promissory note dated January 30, 1924, signed by Sequel Lee Naylor, one of the makers of the other note above referred to, and conveying certain described lands, said note being for the sum of $990 with interest at 8 per cent.; that C. S. Cromley was advertising certain lands embraced in those conveyed in the two security deeds first above mentioned, for sale on May 4, 1926, under a power of sale contained in a security deed dated January 20, 1923, given by G. W. Lee, Sequel Lee Naylor (makers of instruments referred to above), and Mrs. Ola Stapleton, to Mrs. Anna S. Potter, the advertisement stating that said security deed was transferred, on April 2, 1926, by Mrs. Potter to Cromley; that petitioners are creditors and hold junior incumbrances, and as such are entitled to pay the amount due on the security deed held by Cromley, and to be subrogated to all the rights of the senior incumbrance; that they have tendered to Cromley $500 in money, that sum being sufficient to pay off $452.68, the amount advertised by Cromley to be due, and any costs or expenses, but Cromley has refused the tender; that petitioners must invoke the aid of equity, as they are without a remedy at law, said advertised sale not being a judicial one; that the refusal of Cromley relieved the land described in his security deed from the lien sought by him to be enforced, and the power of sale contained therein is void. The prayer was that Cromley be enjoined from selling the land advertised, that said power of sale be decreed unenforceable, and that such other relief be granted as should be meet. The court granted a temporary restraining order.

Cromley demurred generally, and specially on the grounds that the petition failed to show wherein the alleged tender was made in behalf of defendant's three debtors, or was accompanied by any demand for cancellation of the instruments he held, but constituted a mere offer to buy said instruments, whereas he was not bound by law to sell; that it failed to show that plaintiffs are junior creditors or encumbrance holders, but no more than that one of plaintiffs is a junior creditor of one of defendant's debtors, and neither plaintiff is in any sense a creditor of Mrs. Stapleton, one of defendant's debtors; that the makers of plaintiffs' security deeds and defendant's security deed are not identical, nor are the interests conveyed identical, under the allegations of the petition; and that the petition was not properly verified, there appearing no reason

why plaintiff Thompson, who resided in the county where the suit was filed, could not verify the same. The petition was verified by G. S. Johnston, one of the attorneys for petitioners. The defendant answered, alleging in part the contentions set up in his demurrer; and further, that his security deed covered the entire 7-acre tract of land involved, having been signed by all of the three owners thereof, whereas that of Thompson was signed by only one of said owners, Mrs. Naylor, and covered only her one-third undivided interest, and that of Motor Liens Incorporated was signed only by Lee, and covered only his undivided interest, none of the security deeds held by plaintiffs having been signed by Mrs. Stapleton or covering her undivided one-third interest. The defendant admitted the tender as alleged. On the hearing the various instruments referred to in the pleadings were introduced in evidence, and other evidence was adduced tending to establish the various contentions. The court passed an order continuing the injunction in force, and the defendant excepted.

*Hinton Booth,* for plaintiff in error.

*G. S. Johnston* and *Lewis A. Mills,* contra.