## SMITH *v.* FARMERS BANK OF GLENWOOD.

1. Where the owner of land simultaneously executes two deeds to secure debt to a named grantee, he can, while he retains his equitable estate in the land, execute a deed to such land to a third grantee to secure debt, and the latter will operate upon his equitable estate in the land. *Wood* v. *Dozier*, 142 *Ga.* 538 (83 S. E. 133); *Beckom* v. *Small*, 152 *Ga.* 149 (108 S. E. 542); *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (2) (117 S. E. 247); *Peoples Bank* v. *Fidelity Loan & Trust Co.*, 155 *Ga.* 619 (117 S. E. 747); *Exchange National Bank* v. *Pearsons-Taft Co.*, 159 *Ga.* 168, 171 (125 S. E. 377).

2. Where such subsequent security deed was made to secure an indebtedness represented by a promissory note, under the Civil Code (1910), § 3306, and on its face recited the debt and the purpose to secure it, the creditor could foreclose the deed as an equitable mortgage, although the grantor therein had been discharged as a bankrupt from the payment of his debts. *Pusser* v. *Thompson*, 132 *Ga.* 280 (64 S. E. 75, 22 L. R. A. (N. S.) 571).

3. As between the grantor and the grantee in the subsequent security deed, the sale of the land under the decree of foreclosure of such deed would not divest or affect the title of the grantee in the two prior security deeds, but would accomplish an assignment of the land subject only to the defeasible title held under the first security deeds, and would include all equity of redemption or equitable interest, by whatever name called, of the grantor in the subsequent security deed. *Williams* v. *Foy Mfg. Co.*, 111 *Ga.* 856 (36 S. E. 927); *Beckom* v. *Small*, supra.

4. A discharge in bankruptcy is no defense to the foreclosure of a security deed as an equitable mortgage, where the same was executed more than four months prior to the filing of the petition in bankruptcy, when the debt secured by the deed has not been proved in the bankrupt court. *Evans* v. *Rounsaville*, 115 *Ga.* 684 (42 S. E. 100); *Philmon* v. *Marshall*, 116 *Ga.* 811 (43 S. E. 48); *Camp* v. *Young*, 119 *Ga.* 981 (47 S. E. 560).

5. The petition alleges the giving of notice to hold the defendant for attorneys' fees. In his answer the defendant denies this allegation. The brief of evidence discloses that the plaintiff introduced no evidence in support of this allegation. Consequently the court erred in directing a verdict for the plaintiff for attorneys' fees. *Cowart* v. *Bush*, 142 *Ga.* 48 (82 S. E. 441).

6. Applying the principles above ruled, the court committed no error in directing a verdict for the plaintiff, except as to attorneys' fees. The judgment is therefore affirmed, provided the plaintiff, before the remittitur is made the judgment of the court below, will write off the attorneys' fees. Unless this be done, the judgment will be reversed.

No. 6164.   JANUARY 11, 1928.

---

Appeal and Error, 4 C. J. p. 1143, n. 3.

Bankruptcy, 7 C. J. p. 397, n. 3; p. 411, n. 11.

Mortgages, 41 C. J. p. 374, n. 67; p. 708, n. 45; 42 C. J. p. 245, n. 86; p. 258, n. 99; p. 361, n. 11.

Trial, 38 Cyc. p. 1575, n. 25.

Equitable foreclosure.　Before. Judge Eve.　Wheeler superior court.　December 25, 1926.

*H. W. Nalley,* for plaintiff in error.　*G. L. Hallaway,* contra.

HINES, J.　The Farmers Bank of Glenwood filed its petition against C. B. Smith, making the following allegations:　On December 19 (29?), 1923 (1922?), C. B. Smith executed to petitioner his promissory note in the sum of $800, payable September 15, 1923, with interest thereon from maturity at eight per cent. per annum, and ten per cent. attorney's fees if collected by law or through an attorney.　On June 20, 1923, defendant executed to petitioner a deed to a described tract of land and certain personal property to secure the indebtedness evidenced by said note.　The defendant failed and refused to pay the note.　Petitioner served defendant with written notice of its intention to file suit on said note to the March term, 1926, of the superior court of said county. Petitioner files this equitable foreclosure of said deed to secure debt, and prays for a general judgment against defendant for the principal, interest, and attorney's fees due on said note, and the costs of the court, and that its security deed be foreclosed and its lien set up against the property conveyed thereby, and that the defendant's equity of redemption be forever barred.　The security deed referred to recited that it was made subject to two certain previous deeds to secure debts, made by the defendant to Chickamauga Trust Company, and that it was made to secure the payment of the defendant's note to petitioner for $800, dated December 29, 1922, due September 15, 1923, with ten per cent. attorneys' fees.　The defendant filed his answer denying that he was liable for attorneys' fees, because he had not been served with any notice for the recovery of the same ten days prior to the entry of suit against him.　He alleged, that he was adjudged a bankrupt on November 19, 1924, and for this reason was not liable on the contract for fees; that the plaintiff was not entitled to a judgment against him in this suit; that the plaintiff was not entitled to a specific judgment against the property embraced in the security deed, because the same was made subject to two prior security deeds.　He further set up by way of defense that he had been adjudged a bankrupt.　On the trial the petitioner introduced the note and the security deed.　The defendant introduced his discharge in bankruptcy.　The court directed a verdict in favor of

the plaintiff for principal of $800, interest $160, attorney's fees $96, and costs. The defendant moved for a new trial upon the general grounds, which motion was overruled, and the defendant excepted.

The headnotes sufficiently state our rulings.

*Judgment affirmed, on condition. All the Justices concur.*