### 21013. SMITH v. NUSSBAUM.

DECIDED APRIL 1, 1931.

*P. D. Rich,* for plaintiff. *A. B. Conger,* for defendant.

LUKE, J. T. A. Smith sued M. H. Nussbaum in the superior court of Decatur county for $7,300 and accrued interest, alleged to be owing him by reason of these facts; namely: That the defendant purchased from J. M. Holding and wife a certain parcel of real estate in Broward county, Florida, and accepted a deed to it which

contained a stipulation that the conveyance was made subject to four mortgages which the grantee (the defendant) assumed and agreed to pay as part of the consideration of the conveyance; that one of these four mortgages was dated December 20, 1924, and was given by Joseph Lichenstein to the plaintiff (both Lichenstein and the plaintiff being predecessors in title to Holding, the grantor) to secure the payment of an indebtedness of $7,500, upon which there remains unpaid $7,300; that no part of the latter sum has been paid, and that the defendant fails and refuses to pay the same. Other facts alleged in the petition are omitted from this statement as unnecessary to a decision of the case. A demurrer to the petition was sustained and the petition dismissed, and the plaintiff excepted.

It seems to this court that the controlling question here to be decided is whether or not the remedy sought to be pursued by the plaintiff is available to him in the prosecution of his claim. The defendant contends that the remedy of the plaintiff, if remedy he has, is by a bill in equity, not by a proceeding at law; that the instant proceeding is an action at law; that no equitable grounds for relief are urged; and that necessary parties are not before the court. The defendant replies that the courts of Florida (where the real estate is situated) hold in similar cases that the proper remedy is an action at law. But we know of no exception to the rule that, as to the character and extent of the remedy, it is always the lex fori, not the lex loci rei sitæ, that governs. And, in view of what is said in the opinion of our. Supreme Court in the case of *Manget* v. *National City Bank*, 168 *Ga.* 876, 881 (149 S. E. 213), we think there is merit in the defendant's position. In the opinion referred to, the Supreme Court says: "It is now well settled in this State that a purchaser of lands, who assumes the payment of an encumbrance thereon as part of the consideration of his purchase, is liable in equity to the holder of such encumbrance under such agreement, or to his vendor in case the latter has to pay off the encumbrance. The assignee of a security deed, when the debt thereby secured has been assumed by the purchaser, can enforce the liability of the purchaser just as the mortgagee might have done had there been no assignment. Clark *v.* Fisk, 9 Utah, 94 (33 Pac. 248); 2 Jones on Mortgages (7th ed.), § 741." It has also been said: "The remedy of the mortgagee in equity to enforce

the agreement of the purchaser is generally recognized, and in many jurisdictions it is held that the mortgagee's remedy, if any, is in equity. . . Under a code provision abolishing the distinction between law and equity, a complaint in the nature of a bill in equity may be maintained against the grantee of the mortgagor by the mortgagee upon a stipulation in the grantee's deed to assume and pay off the mortgage to recover a deficiency arising after a sale of the premises upon foreclosure." 41 C. J. 751, § 820. So it would appear that whether the plaintiff's rights in such cases are based upon the doctrine of equitable subrogation, or some other legal or equitable principle, a complaint in the nature of a bill in equity is the proper remedy in this State.

We therefore hold that the trial court committed no error in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*