### KITCHENS *v.* MOLTON.

HILL, J.  1. The court did not err in overruling the demurrer to the equitable petition to foreclose. The ground of the demurrer was that the superior court of Bibb County had no jurisdiction to foreclose a mortgage on land located in Twiggs County.

2. Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. Civil Code (1910), § 6540.

3. A deed to secure a debt may be foreclosed as an equitable mortgage. *Pusser* v. *Thompson*, 132 *Ga.* 280 (64 S. E. 75, 22 L. R. A. (N. S.) 571) ; *Bateman* v. *Archer*, 65 *Ga.* 271.

4. While a statutory mortgage on real property must be foreclosed in the county where the property lies (*Hackenhull* v. *Westbrook*, 53 *Ga.* 285), the rule is different where a deed is executed by a borrower to secure a note given to the lender, and the deed is foreclosed as an equitable mortgage on land lying in a different county from that where the vendor lives. In the former case, of a statutory mortgage, generally no title to the land passes from the mortgagor to the mortgagee, but in the latter case it does, and the deed may be foreclosed as an equitable mortgage in the county of the residence of the vendor. See *Carmichael* v. *Citizens*

*Bank,* 162 *Ga.* 735 (7), 737 (134 S. E. 771); *West* v. *Bennett,* 59 *Ga.* 507; *Merchants & Mechanics Bank* v. *Beard,* 162 *Ga.* 446, 449 (134 S. E. 107).

5. Consequently, where Kitchens, residing in Bibb County, executed a deed to Molton, also residing in Bibb County, to land lying in Twiggs County, to secure a debt owing by Kitchens to Molton, the latter could foreclose his equitable mortgage in Bibb County by an equitable petition filed there for that purpose.

6. The sole ground of the amendment to the motion for new trial is without merit, and the court did not err in overruling it. It assigned error on the ground that on the trial of the case on April 22, 1930, the court admitted in evidence before the jury, when offered by the plaintiff, over the objection of the defendant, the written copies of notice of intention to collect attorney's fees, dated September 6, 1928, addressed to the defendant, to prove defendant's liability for attorney's fees due on the two notes sued on. "Said evidence movant contends was illegal to prove and charge the defendant liable for 10% attorney's fees in the case, since the notices were given for a suit to be filed on October 16, 1928, to the November term, 1928, and the suit admittedly was filed in the court on September 25, 1928, and said evidence movant contends was incompetent to prove the defendant's liability for said 10% attorney's fees." Civil Code (1910), § 4252.

7. The general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*

No. 8003. MAY 12, 1931.

694

*E. F. Goodrum,* for plaintiff in error.
*R. D. Feagin, W. B. Birch,* and *W. T. Johnson,* contra.