FIRST NATIONAL BANK OF QUITMAN *v.* ROUNTREE
*et al.*

No. 8049.   JULY 20, 1931.

118

*L. W. Branch,* for plaintiff.  *Bennet & Bennet,* for defendant.

Beck, P. J.   (After stating the foregoing facts.)

Section 5516 of the Civil Code reads as follows: "As a general rule, the action on a contract, whether express or implied,

or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." The rule here stated is strictly applied in cases of actions at law; but where a debtor conveys property to another, and as a part of the transaction the purchaser agrees to assume and pay the debts of the vendor, a creditor of the vendor has a remedy in equity, and with proper pleadings and the necessary parties, though not a party to the transaction in which the property of the vendor was conveyed, may enforce the promise of the latter made for his benefit and the benefit of the other creditors of the vendor. In *Sheppard* v. *Bridges*, 137 *Ga.* 615 (74 S. E. 245), this court held: "Where one person, for a valuable consideration, agrees with another to pay the debts of the latter, under former decisions of this court this alone does not authorize a creditor of the promisee to bring an action at law against the promisor to recover the debt. . . It has not been decided that where a debtor conveys his property to another, and as part of the transaction the purchaser agrees to assume and pay the debts of the vendor, the creditor has no remedy in an equitable proceeding, with proper pleadings and parties." And in the opinion in that case the court said: "Two general rules have grown up on the subject of the enforcement of a contract by a person for whose benefit it was made, though he was not a party to it, known respectively as the English and American rule. In England some of the earlier decisions looked in the direction of allowing a suit by a beneficiary for a breach, under certain special circumstances. The later decisions in that country deny the existence of such a right of action; though it is held, that if the contract is of a character which constitutes the promisor a trustee for the third person, such person may enforce his rights in equity. Of course, if there is, by agreement of all parties, a novation, or substitution of one debtor for another, the case is different. In America the courts of a few States follow the English rule more or less closely. But the great weight of authority is to the effect that if the promise is made for the purpose of conferring a benefit on a person, though he be not a party to the contract, or furnish the consideration for the promise, he can bring suit upon it."

In *Union City Realty & Trust Co.* v. *Wright*, 138 *Ga.* 703 (76

S. E. 35), it was said: "The controlling features of this case have recently been the subject of full consideration by this court, in *Sheppard* v. *Bridges* [supra]. The decision in that case practically settled two points: (1) Where one person for a valuable consideration agrees with another to pay the debts of the latter, under former decisions of this court this alone does not authorize a creditor of the promisee to bring an action at law against the promisor to recover the debt. (2) Where a debtor conveys his property to another, and as a part of the transaction the purchaser agrees to assume and pay the debts of the vendor, a creditor of the latter has a remedy by an equitable proceeding with proper pleadings and parties." Under the facts alleged in this petition, we think the doctrine here laid down is applicable to the case. It is true that the formalities of the transaction by which the property of the Rountree Company was conveyed to S. S. Rountree are not fully set forth; but even if that could be taken advantage of by special demurrer, it was no cause for dismissing the petition upon general demurrer. For it fully appears that the transaction was made and that S. S. Rountree obtained the benefits from it which he had in view when he entered into the agreement with the Rountree Company set forth in this petition. The Rountree Company is made a party to this petition, and may set up by plea and answer that the transfer of title to its property was not properly authorized by corporate action; but as the petition stands, the agreement upon the part of S. S. Rountree is fully set forth, and the positive allegations are made that valuable property was conveyed to him by the Rountree Company, and that upon this consideration he made the promise to pay the debts of the company, $3800 of which was due to petitioner.

■ The promise upon the part of S. S. Rountree to pay the debts of the company falls within the third exception to the statute of frauds, which reads: "Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." Civil Code, § 3223, par. 3. We think there has been such part performance of the contract as would render it a fraud to refuse the equitable relief sought by the petitioner in this case. A debtor of petitioner sold and conveyed to S. S. Rountree a large body of land and other assets belonging to the debtor company; in fact,

had divested itself of all its assets; and Rountree took upon himself the obligation to pay the debts of the company. One who was a creditor of the Rountree Company at that time was the beneficiary of the promise made by S. S. Rountree for a valuable consideration. While this creditor was not a party to the contract and could not sue at law, he can maintain an equitable proceeding to enforce the obligations taken by Rountree upon himself, obligations assumed for a valuable consideration. It follows from what we have said that the court erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*