## AVANT v. HARTRIDGE.

No. 8461.  FEBRUARY 9, 1932.

*R. D. Feagin* and *J. F. Urquhart,* for plaintiff in error.
*McClellan & Jacobs,* contra.

HINES, J.  C. F. McCook and Theodore Hartridge filed their petition against N. A. Avant and W. E. Bartlett.  By amendment McCook was stricken as a party.  The petition as amended made these allegations:  On May 17, 1924, McCook conveyed by deed to E. A. Wimbish described land to secure a debt of $750, bearing interest from date at eight per cent. per annum, and maturing on May 17, 1925.  This deed contained a power of sale and an accelerating clause, by which the holder thereof could, at his election, declare the principal of the debt due upon the failure of the debtor to pay any installment of interest, and could sell the land embraced therein after advertisement at public sale.  This loan was renewed annually by McCook.  On May 3, 1927, McCook conveyed said land to Hartridge, subject to said security deed. Upon the maturity of this loan in 1927, Hartridge procured an extension of the payment of the principal thereof until May 17, 1930.  For this extension he paid a commission of $20, and agreed to pay the interest on the loan semi-annually.  On June 25, 1929, Mrs. E. A. Wimbish transferred and assigned to Avant all her right, title, and interest in and to this security deed, together with the notes thereby secured.  At the time of said transfer one of said interest notes was past due for over one month.  On July 27, 1929, there was paid to Bartlett the sum of $50 on the loan of Avant, although at that time there was due only $30.47, so that usury of $19.53 was extorted and collected.  Bartlett was the agent of Avant, and authorized to collect said money as such, and did collect the same as agent and attorney of Avant.  On August 3, 1929, Avant advertised said land for sale on August 31, 1929, under the above power of sale, upon the ground that the interest installment on said loan was in default.  At said sale

Avant purchased said property for $500, there being no other bids. Avant immediately sold and conveyed said property to Mrs. M. E. Hobbs, who later sold it to S. E. Odum, who later sold it to J. M. Hancock, who claims to be an innocent purchaser for value. Said sale was illegal and fraudulent, and was an illegal exercise of the power of sale in said deed, for the reason that said interest had been fully paid, and the statement in the advertisement that such interest was due and unpaid was false. There were no bidders at such sale, but the same was conducted hurriedly and quietly in the absence of such bidders. Avant by his improper sale of this property has put it beyond the reach of petitioner, it having been sold to bona fide purchasers, so that petitioner can not successfully pursue the same. Avant and Bartlett in selling said property after the interest was paid were guilty of fraud, and damaged petitioner in the sum of $2,000, that being the reasonable value of said property over and above the amount due thereon. The purchasers from Avant and the vendees claim title to said property, and petitioner can not recover said property by paying the amount of the loan with interest, and Avant refuses to deed said property back to petitioner if all principal, interest, and costs are paid. About two weeks prior to the filing of this suit, petitioner by his attorney stated to Avant that he desired to pay him all principal, interest, and costs incurred in the sale of said property, and wanted to redeem the same. Avant stated that a tender would be useless, as the property was owned by J. M. Hancock; and he would not restore the same to petitioner. Avant knew at the time of the transfer to him of said security deed that the payment of the principal of said loan was extended to May 17, 1930. Petitioner prayed that the defendant be required to restore to him the land embraced in said security deed and to cancel the deeds made under said illegal sale; or that in lieu of this he have and recover from the defendant $2019.53 as damages, this sum being the reasonable value of the property above the loan due Avant.

Avant demurred generally to the petition as amended, upon the grounds that (a) it does not set forth a cause of action against him, nor does it allege sufficient facts in law to entitle plaintiff to recover against him; (b) it is duplicitous in that it alleges that the property is now in the hands of an innocent purchaser who is protected, and yet it seeks to proceed against defendant for

damages, and it seeks to set up a contradictory theory that the sale was not a valid sale but was an illegal sale; and (c) the prayers of the petition show that plaintiff is undertaking to obtain equitable relief, and yet he does not offer to do equity by paying to the defendant the amount of principal and interest due under said security deed, which would be a necessary prerequisite before a court of equity could hear or entertain this suit.

The court overruled the demurrer, and the defendant excepted pendente lite, and assigns error on that ruling. Avant filed his answer in which he set up no equitable right and did not seek any equitable relief. He denied the substantial allegations upon which petitioner relied for relief. The jury returned a verdict in plaintiff's favor for $650. The defendant moved for a new trial on the general grounds and on various special grounds, which was overruled by the court; and to that judgment exception is taken.

Under the above facts has this court jurisdiction to pass upon the assignments of error embraced in the writ of error? If the facts make a case in equity, this court has jurisdiction. If they do not make such case, the Court of Appeals has jurisdiction. There are no equitable rights asserted by the defendant in his answer; and he seeks no equitable relief. Whether the case is one in equity or not depends solely upon the allegations contained in the petition. Certain allegations of the petition, standing alone, might authorize the plaintiff to have canceled the deed which Avant acquired to the premises in dispute under the exercise of the power of sale contained in the security deed from McCook to Mrs. Wimbish. Plaintiff, however, expressly alleges that he is not entitled to the equitable relief of cancellation and to recover this property, because innocent purchasers have acquired title thereto under mesne conveyances from Avant. For this reason he seeks to recover damages from the defendants. Having expressly disclaimed the right to have this deed canceled, and having expressly prayed in lieu thereof damages, plaintiff does not make in his petition an equitable cause of action. Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed, and not by the designation given to the action by the pleader. If the averments of the petition do not make a case in equity, a prayer for equitable relief would not make the same one in equity. If the facts alleged do

not entitle the plaintiff to equitable relief, his prayer for cancellation would not make the case one in equity. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538) ; *Mulherin* v. *Neely,* 165 *Ga.* 113 (139 S. E. 820). Under the averments of the petition, if it set forth any cause of action, it was one at law, and not in equity. The only recovery was one for damages and not for any equitable relief. Consequently the Court of Appeals has jurisdiction to review the assignments of error set out in the bill of exceptions, and not this court. For this reason the case is

*Transferred to the Court of Appeals. All the Justices concur.*