*Anderson, Cann & Cann,* for defendant.

21853, 21854. COOPER et al. v. CORAL GABLES INC.; and *vice versa.*

BELL, J. 1. Where, in a contract for the sale of land, the vendor agreed to execute and deliver to the vendee a good and sufficient title to the land upon payment of the balance of the purchase-money, and the vendee, for a valuable consideration, assigned the contract to third persons, who, by the terms of the assignment, agreed to pay the balance of the purchase-money and to assume all the obligations of the vendee under the contract, the vendor, not being a party to the contract of assignment, can not in an action at law enforce the promise of the third person as to paying the remainder of the purchase-money; but his right can be enforced only by a suit in equity. *Morgan* v. *Argard*, 148 *Ga.* 123 (95 S. E. 986); *Manget* v. *National City Bank*, 168 *Ga.* 876 (149 S. E. 213); *First National Bank* v. *Rountree*, 173 *Ga.* 117 (159 S. E. 658); *Anderson* v. *Higginbotham*, 174 *Ga.* 565 (163 S. E. 477); *Smith* v. *Nussbaum*, 43 *Ga. App.* 103 (157 S. E. 877).

2. "Whether a petition is based upon an equitable or a legal cause of action depends upon the nature of the relief sought, as shown by the

prayers, which indicate whether the alleged cause of action is intended by the pleader as founded upon equitable or legal principles. *Steed* v. *Savage*, 115 *Ga.* 97 (41 S. E. 272). To make a case in equity, the allegations of the petition must be applicable to the equitable relief prayed, and there must be a prayer either for the specific relief prayed, or for general relief. *Copeland* v. *Cheney*, 116 *Ga.* 685 (43 S. E. 59). Whether a petition states an equitable or a legal cause of action depends upon the relief prayed. *Fowler* v. *Davis*, 120 *Ga.* 442 (47 S. E. 951)." *Bernstein* v. *Fagelson*, 166 *Ga.* 281, 287 (142 S. E. 862). See also *Pound* v. *Smith*, 146 *Ga.* 431 (91 S. E. 405); *Avant* v. *Hartridge*, 174 *Ga.* 278 (162 S. E. 524); *Rucker* v. *Mobley*, 44 *Ga. App.* 705 (162 S. E. 851).

3. Under the above rulings as applied to the facts of the present case, the petition did not state a cause of action at law, and since no equitable relief was prayed, it can not be construed as a suit in equity; and this is true irrespective of whether the petition alleged sufficient facts to authorize the granting of equitable relief upon suitable prayers therefor.

4. The case not being a suit in equity, but an action at law, the Court of Appeals and not the Supreme Court has jurisdiction of the writ of error. The petition was subject to demurrer upon the ground that it failed to state a legal cause of action, and the court erred in not sustaining this ground of the demurrer and dismissing the petition.

5. Since it is held that the petition failed to set forth a cause of action, and, hence, that the court erred in overruling the general demurrer, it is unnecessary to pass upon the exceptions by the defendants to the overruling of other grounds of the demurrer, or to make any adjudication upon the exceptions taken in the cross-bill to a part of the judgment relating to the statute of limitations; but the cross-bill is dismissed without prejudice to the plaintiff in error therein, and in like manner the defendants are without prejudice as to the grounds of demurrer not herein determined. See *Atlanta Baseball Co.* v. *Lawrence*, 38 *Ga. App.* 497 (3) (144 S. E. 351).

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1932.

*George H. Richter,* for plaintiffs in error.
*Cobb & Bright,* contra.