BURGESS *v.* OHIO NATIONAL LIFE INSURANCE CO.

No. 9216.   MAY 11, 1933.

*Carter, Carter & Johnson* and *Lovick G. Fortson,* for plaintiff in error.

*William H. Mewbourne,* contra.

BELL, J.   Ohio National Life Insurance Company brought suit in the superior court of Fulton County against Mrs. Jennie S. Burgess and B. L. Brantley.   Mrs. Burgess filed a general demurrer, and also an answer, which was demurred to by the plaintiff.   The court overruled the defendant's demurrer and sustained the plaintiff's demurrer.   It does not appear that the defendant Brantley filed any demurrer and he is not a party to the bill of exceptions, but the only parties thereto are Mrs. Burgess as plaintiff in error and Ohio National Life Insurance Company as defendant in error. Mrs. Burgess excepted to these rulings by a bill of exceptions which was certified and returned to the Supreme Court.

The petition was substantially as follows:   "The petition of Ohio National Life Insurance Company in equity shows":   On July 30, 1926, Mrs. Burgess executed and delivered to Cheves-Green & Company Inc. a promissory note for $3250, bearing interest from date until maturity at 6 1/2 per cent. per annum, and interest after maturity at 8 per cent. per annum.   In order to secure the payment of this note, Mrs. Burgess also executed and delivered to Cheves-Green & Company Inc. a security deed conveying described real estate.   The plaintiff is now "the holder and owner of said note and security deed by transfer and assignment dated August 18, 1926; a copy thereof appearing on said security deed" as attached to the petition.   On or about August 8, 1931, the defendant Brantley, "who had purchased said property" from Mrs. Burgess by a warranty deed "in which he assumed and agreed to pay said note herein sued upon, agreed with petitioner that if it would not foreclose

said security deed and allow the obligation to stand as drawn, he would pay a semi-annual reduction in the amount of $81.25, and continue to pay the interest on said note at the rate of 6 1/2 per cent. per annum, said reductions and interest to be paid on the 30th day of January and July of each year, beginning with the 30th day of January, 1932.

"Said note is now past due by its own terms and on account of the default in the payment of the semi-annual interest and semi-annual reduction, the first for the sum of $105.63 and the latter for the sum of $81.25, both of which it was agreed should be paid on January 30, 1932, and on account thereof, petitioner has declared all of said debt with accrued interest due and payable.

"Said note and loan deed provides for the payment of ten per cent. attorney's fees, if collected by law or through an attorney at law.

"On or about April 1, 1932, petitioner, through its attorney, notified defendants in writing of its intention to file suit on said note and claim the attorney's fees provided for therein.

"On account of the assumption and agreement to pay the notes herein sued upon by B. L. Brantley, he also is liable for the payment thereof."

The prayers of the petition were as follows: "Petitioner prays judgment against the defendants in the principal sum of $3250, plus interest thereon from July 30, 1931, together with ten per cent. of said principal and interest as attorney's fees; and further that said judgment be set up and declared a special lien against the property described in paragraph 3 hereof.

"Petitioner further prays that process issue directed to the defendants to be and appear at the next term of this court to answer this complaint."

By the general demurrer filed by Mrs. Burgess it was contended that the extension agreement alleged to have been made between the plaintiff and Brantley operated to discharge Mrs. Burgess from liability, unless she consented to such agreement, and that in the absence of allegation that she did so consent, the petition failed to set forth a cause of action against her. In her answer she alleged that she had no knowledge of the extension agreement until shortly before the suit was filed and that she did not consent thereto in any manner, and that by reason of these facts she was released and dis-

charged. It thus appears that the answer contained no allegations by which the case might have been converted into a suit in equity, if the petition itself did not make such a case.

We are of the opinion that the Court of Appeals, and not the Supreme Court, has jurisdiction of this case. Upon this point, the question is whether the petition made an equity case within the meaning of the constitutional provision having reference to the jurisdiction of this court. Civil Code (1910), § 6502. Although the suit was brought in the superior court, the jurisdiction of which extends to suits in equity, a petition will not be construed as a suit in equity merely because it is filed in the superior court and is styled a "petition in equity."

"Whether a petition is based upon an equitable or a legal cause of action depends upon the nature of the relief sought, as shown by the prayers, which indicate whether the alleged cause of action is intended by the pleader as founded upon equitable or legal principles. *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272). To make a case in equity, the allegations of the petition must be applicable to the equitable relief prayed, and there must be a prayer either for the specific relief prayed, or for general relief. *Copeland* v. *Cheney,* 116 *Ga.* 685 (43 S. E. 59). Whether a petition states an equitable or a legal cause of action depends upon the relief prayed. *Fowler* v. *Davis,* 120 *Ga.* 442 (47 S. E. 951)." *Bernstein* v. *Fagelson,* 166 *Ga.* 281, 287 (142 S. E. 862). See also *Pound* v. *Smith,* 146 *Ga.* 431 (91 S. E. 405); *Avant* v. *Hartridge,* 174 *Ga.* 278 (162 S. E. 524); *Rucker* v. *Mobley,* 44 *Ga. App.* 705 (162 S. E. 851).

In *First National Bank* v. *Rountree,* 173 *Ga.* 117 (159 S. E. 658), this court consistently with former decisions held as follows: "Where a person for a valuable consideration agrees with another to pay the debts of the latter, this alone does not authorize a creditor of the promisee to bring an action at law against the promisor to recover the debt. But where a debtor conveys his property to another, and as a part of the transaction the purchaser agrees to assume and pay the debts of the vendor, a creditor of the vendor may have a remedy in an equitable proceeding, with proper pleadings and parties." In such a case, a resort to equity is necessary only for the purpose of enforcing the promise of the assumer, and in the present case the character of the suit as applied to the assumer is not to be determined. The writ of error involves the contentions only of the original debtor, and the assumer is not a party thereto.

It appears that the insurance company was the holder of a note and security deed executed by Mrs. Burgess, and that before the suit was filed the property described in the security deed was sold and conveyed to Brantley by a warranty deed in which he assumed and agreed to pay the debt. The suit was brought by the insurance company both against Mrs. Burgess and Brantley, but the prayers were only for a money judgment and the establishment of a special lien against the property. As to Brantley it is alleged that "on account of the assumption and agreement to pay the notes herein sued upon . . he also is liable for the payment thereof." But even if as to Brantley the petition should be construed as a suit in equity to enforce the assumption agreement which he made with Mrs. Burgess (but see *Smith* v. *Nussbaum*, 43 *Ga. App.* 103, 157 S. E. 877; *Cooper* v. *Coral Gables Inc.*, 45 *Ga. App.* 290, 164 S. E. 227), it shows no reason for seeking equitable relief against the latter as the original debtor. It is not a proceeding to foreclose the security deed as an equitable mortgage (*Pusser* v. *Thompson*, 132 *Ga.* 280, 64 S. E. 75, 22 L. R. A. (N. S.) 571; *Smith* v. *Farmers Bank*, 165 *Ga.* 470 (2), 141 S. E. 203; *Kilchens* v. *Mollon*, 172 *Ga.* 690 (3), 158 S. E. 570), and this is true notwithstanding the prayer for a special lien on the land. As to the original debtor, the suit was merely an action at law to recover a judgment upon a note secured by a deed to land, and in such a case the fact that the deed was given need not be stated in the judgment or the pleadings, or in the note sued on, and the lien need not be specified in the declaration or the judgment. *Coleman* v. *Slade*, 75 *Ga.* 61 (4); *Bush* v. *Bank of Thomasville*, 111 *Ga.* 664 (36 S. E. 900); *Terrell* v. *Fraser*, 113 *Ga.* 1087 (39 S. E. 476). As was said by Judge Russell in *Edenfield* v. *Bank of Millen*, 7 *Ga. App.* 645 (67 S. E. 896), "the fact that a special lien is prayed for in the petition may be treated as surplusage, and does not affect the jurisdiction of the court."

In *Carlton* v. *Reeves*, 157 *Ga.* 602 (3) (122 S. E. 320), this court held: "Where the transferee of the debt secured by such deed reduces the same to judgment, all that is essential to the enforcement of a special lien in his favor is the rendition of a general judgment thereon, the conveyance by the vendee in the security deed to the defendant of the lands embraced therein, and proof aliunde that such judgment was rendered upon the secured debt." See also *Bennett* v. *McConnell*, 88 *Ga.* 177 (3) (14 S. E. 208); *Marshall* v. *Charland*, 109 *Ga.* 306 (2), 309 (34 S. E. 671).

Whether or not the mere styling of a petition as a suit in equity may be considered with the allegations and prayers in determining its character as an "equity case," the designation of the present complaint as a "petition in equity" must, upon a construction of the entire petition, be taken as referring only to the suit as applied to Brantley, the assumer.

The case as now made presents a controversy existing only between the plaintiff and Mrs. Burgess, the original debtor. The assumer Brantley does not appear to have filed any demurrer, and, as indicated above, he is not a party to the bill of exceptions.

A party may in a proper case seek and obtain both legal and equitable relief in one and the same action and against different parties. Civil Code (1910), §§ 5406, 5407, 5408, 5417, 5514, 5538; *South Carolina &c. R. Co.* v. *Augusta Southern R. Co.,* 111 *Ga.* 420, 423 (36 S. E. 593).

The answer of Mrs. Burgess did not change the character of the case as made by the petition, no affirmative equitable defense having been asserted. The petition did not make a case in equity as to Mrs. Burgess within the meaning of the constitutional provision referred to, and the case will therefore be transferred to the Court of Appeals. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538); *U. S. Fidelity & Guaranty Co.* v. *Koehler,* 161 *Ga.* 934 (132 S. E. 64); *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237); *Brightwell* v. *Oglethorpe Telephone Co.,* 176 *Ga.* 65 (166 S. E. 646).

*Transferred to the Court of Appeals. All the Justices concur, except Russell, C. J., who dissents.*