JONES *v.* LAWMAN, receiver.

No. 11618. MARCH 9, 1937.

*F. M. Gleason,* for plaintiff in error.
*McClure & McClure,* contra.

ATKINSON, Justice. E. H. Lawman, a receiver appointed by a chancery court of the State of Tennessee, filed suit on a note executed in his favor in Tennessee by the defendant, Charles Robert Jones, a resident of Georgia. The note was secured by a deed to certain described realty in Walker County. The plaintiff prayed for process; that he recover of the defendant a verdict and judgment on the note for principal, interest, and attorney's fees; that the judgment be declared a special lien on the real estate described in the security deed; that the deed be foreclosed as an equitable mortgage and the property sold for the satisfaction of

the judgment; and that he have a general judgment against the defendant, and such other and further relief as he might be entitled to. The defendant demurred to the petition, on the ground that the plaintiff was a chancery-court receiver in a foreign State, without authority to bring a suit in this State. To the judgment overruling the demurrer the defendant excepted pendente lite. He filed a plea and an answer denying the material allegations of the petition and the right of the plaintiff to any of the relief sought. He averred that the note was given to secure the payment of certain taxes owing by defendant; that plaintiff had refused to turn over to him any tax receipts or make any accounting to him of the amount thus spent by plaintiff; that plaintiff had agreed, if defendant was unable to pay the note in full at maturity, to extend the date of payment; that thereafter defendant paid a sum of money to plaintiff, who again agreed to extend the time of payment of the note; and that thereby the parties had departed from the terms of the original contract, and before plaintiff would be entitled to bring a suit on the note he should have notified defendant of his intention to rely on the terms of the original contract, which the defendant denied receiving. The plaintiff demurred to this plea and answer, and the judge sustained the demurrer, giving to defendant a certain time in which to amend. The defendant amended, and, in addition to certain allegations for the purpose of amplifying the original answer, he set up failure of consideration in that plaintiff had failed to pay the taxes, and that the note provided for the payment of usurious interest, a part of which defendant had paid to plaintiff. The plaintiff again demurred, and the judge sustained the demurrer and struck the amendment and the original answer.

No evidence was introduced, and the judge directed a verdict for the plaintiff for the principal, interest, and attorney's fees sued for. The judgment or decree provided that the same was a special lien upon the lands described in the security deed, and further: "It is ordered that said security deed be foreclosed as prayed." A writ of error, assigning error on the sustaining of plaintiff's demurrer to the answer, on the exceptions pendente lite, and on the direction of a verdict for the plaintiff against defendant, was sued out to this court. In the bill of exceptions it is recited that this court "has jurisdiction in this cause, because the

same is an equitable proceeding to foreclose a security deed on land, and that the Supreme Court has jurisdiction in all equitable cases."

The constitutional amendment proposed by the act of 1916 (Ga. L. 1916, p. 19), and ratified November 7, 1916, defining the jurisdiction of the Supreme Court, and now embodied in the Code, § 2-3005, declares that this court has jurisdiction in, among others, "all equity cases." In *Ford* v. *Tifton Guano Co.*, 144 *Ga.* 353 (2) (87 S. E. 274), this court held that where the legal remedy of foreclosure is adequate, a mortgage will not be foreclosed in equity. In the opinion the court said that there was no allegation that the property was insufficient to pay the mortgage debt; that the extraordinary remedy of injunction and receiver is a harsh one; that the rule is clear that it is not available except where the ordinary remedies are ineffectual or inadequate; and that the foreclosure of a mortgage in equity should not be resorted to where the remedy of foreclosure at law furnishes complete and adequate relief. It is true that in a proper case a deed to secure a debt may be foreclosed as an equitable mortgage. *Kitchens* v. *Molton*, 172 *Ga.* 690 (158 S. E. 570), and cit. Properly construed, the petition in this case, while it prays that the deed be foreclosed as an equitable mortgage and the property sold to satisfy the debt, does not contain a prayer that the equity of redemption of the defendant be barred, as appears in all the cases (*Bateman* v. *Archer*, 65 *Ga.* 271; *Pusser* v. *Thompson*, 132 *Ga.* 280, 64 S. E. 75, 22 L. R. A. (N. S.) 571; *Smith* v. *Farmers Bank*, 165 *Ga.* 470, 141 S. E. 203; *Burgess* v. *Ohio National Life Ins. Co.*, 177 *Ga.* 48, 52, 169 S. E. 364); and it does not seek the grant of any equitable relief, such as injunction to prevent the disposal of the property and the appointment of a receiver to take charge thereof, or other equitable relief. The petition shows no reason for seeking equitable relief against the defendant. The fact that a special lien on the land is prayed does not affect the jurisdiction. *Edenfield* v. *Bank of Millen*, 7 *Ga. App.* 645 (67 S. E. 896). The case presents a controversy between the payee of the note and its maker, who was also the grantor in the deed to secure debt, relative to whether the defendant is liable on the note. This case is similar to *Burgess* v. *Ohio National Life Ins. Co.*, supra, which was transferred to the Court of Appeals.

The assignments of error are to the overruling of defendant's demurrer to the petition, on the ground that the receiver could not bring the suit on the note in this State, to the sustaining of the demurrer to the defendant's plea and answer and amendment, striking the same, wherein he set up matters of defense going to his liability on the note, and exception to the direction of a verdict in the plaintiff's favor for the principal, interest, and attorney's fees. In *Martin* v. *Dealon,* 172 *Ga.* 557 (158 S. E. 331), it was said: "None of the rulings complained of in either bill of exceptions relate to the grant of equitable relief or to any other matter which would give this court jurisdiction of these writs of error." See also *Brandt* v. *Buckley,* 151 *Ga.* 582 (107 S. E. 773); *Cochran* v. *Stephens,* 155 *Ga.* 134 (116 S. E. 303); *U. S. Fidelity & Guaranty Co.* v. *Koehler,* 161 *Ga.* 934 (132 S. E. 64); *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237); *Williford* v. *State,* 184 *Ga.* post (190 S. E. 605). In *Avant* v. *Hartridge,* 174 *Ga.* 278, 280 (162 S. E. 524), this court said: "Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed, and not by the designation given to the action by the pleader. If the averments of the petition do not make a case in equity, a prayer for equitable relief would not make the same one in equity. If the facts alleged do not entitle the plaintiff to equitable relief, his prayer for cancellation would not make the case one in equity. . . The only recovery was one for damages, and not for any equitable relief. Consequently the Court of Appeals has jurisdiction to review the assignments of error set out in the bill of exceptions, and not this court." In *Alsabrook* v. *Prudential Ins. Co.,* 174 *Ga.* 637 (163 S. E. 706), it was held that the Supreme Court did not have jurisdiction of the writ of error, that no extraordinary equitable relief was sought, and that this court only had jurisdiction in such "an equity case" as contemplated in the constitution of Georgia, as amended in 1916, and not merely because the court proceeded upon equitable principles, and did not involve the extraordinary or "the larger powers" of a court of equity, such as injunction, receiver, cancellation, reformation, and the like. The decision in *DeLay* v. *Latimer,* 155 *Ga.* 463, 470 (117 S. E. 446), is not like the present case. There the petition sought an equitable foreclosure of a mortgage, and prayed, among other things, for service

on the mortgagor by publication, for the foreclosure of the mortgage on substituted property, and *that the equity of redemption of the mortgagor be forever barred.* (Italics ours.)

The answer and the amendment thereto did not change the character of the case made by the petition, no affirmative equitable relief having been sought. See *Burgess* v. *Ohio National Life Ins. Co.,* supra.

While the case under consideration was brought on the equity side of the superior court, alleged to be a foreclosure in equity of the security deed as an equitable mortgage, the petition in substance did no more than seek a money judgment upon a promissory note, and to have the judgment declared a special lien upon the land. It did not seek injunction or appointment of a receiver, or allege any other equitable ground of relief. The action being of this character, the case was not an equity case within the meaning of the above-mentioned provision of the constitution. The Supreme Court is without jurisdiction of the writ of error as an equity case. There being no other ground that would make the writ of error returnable to the Supreme Court, and the Court of Appeals having jurisdiction, the case is

*Transferred to the Court of Appeals. All the Justices concur.*