## 21194. COLUMBUS PLUMBING, HEATING, & MILL SUPPLY CO. *et al.* v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION, etc. *et al.*

QUILLIAN, Justice. This case is a garnishment action brought under *Code Ann.* § 46-101. The issues are formed by an answer to an affidavit and bond for garnishment, a traverse to that answer, and a claim filed under *Code* § 46-402. The garnishee denied any indebtedness to the defendant, and the plaintiff traversed his answer, and contended that the garnishee was the holder of a senior security deed, who, under the power of sale contained in his security deed, sold the secured property at an advertised public sale to the holder of a junior recorded security deed at a price greater than the indebtedness under the senior security deed and note, but less than the total indebtedness secured by both the senior and junior security deeds and notes. The plaintiffs asserted that, by virtue of their general judgments and executions against the defendant, they are entitled to recover from the surplus above the indebtedness of the senior security deed. There-upon the holder of the junior security deed, who purchased the secured property at public sale, filed his claim to the fund in excess of the indebtedness of the senior security deed.

Whether this court has jurisdiction of this proceeding depends upon whether this is an equity case as contemplated in the Constitution of Georgia, which provides that, "The Supreme Court shall have . . . jurisdiction . . . in all equity cases." *Code* § 2-3704.

While the nature of claims filed under *Code* §§ 46-402 and 39-801 are similar in that each partakes of the nature of an equitable proceeding (*Williams v. Martin,* 7 Ga. 377; *Colquitt v. Thomas,* 8 Ga. 258; *Jackson v. Campbell,* 23 Ga. App. 642, 99 S. E. 155), this fact is not dispositive of the question of whether this is such an equity case as falls within the jurisdiction of this court. Whether the powers of equity are called into play depends upon the pleadings and the relief sought in the case. "Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed." *Mulherin v. Neely,* 165 Ga. 113, 114 (139 S. E. 820). See also *City of Albany v. Cameron & Barkley Co.,* 121 Ga. 794 (49 S. E. 798); *Burress v. Mont-*

*gomery,* 148 Ga. 548 (97 S. E. 538); *Long v. Lynch &c. Corp.* 166 Ga. 497 (143 S. E. 579); *Avant v. Hartridge,* 174 Ga. 278 (162 S. E. 524); *Alsabrook v. Prudential Insurance Co.,* 174 Ga. 637 (163 S. E. 706); *Rucker v. Stark,* 209 Ga. 496 (74 S. E. 2d 74).

It is thus evident that in some instances a claim case can, by the pleadings and prayer, be converted into an equitable proceeding (*Avary v. Avary,* 202 Ga. 22, 41 S. E. 2d 314), which is reviewable only by this court; while, in others, the scope of the action is limited to one at law, and the Supreme Court is without jurisdiction. *Burkhalter v. Virginia-Carolina Chemical Co.,* 170 Ga. 237 (152 S. E. 98).

The cases of *Cromley v. Motor Liens,* 164 Ga. 16 (137 S. E. 778), and *Bowman v. Poole,* 212 Ga. 261 (91 S. E. 2d 770), are distinguishable from the case sub judice. In both cases it is held that, where property is sold under a power contained in a security deed, the holder of a junior security deed is without remedy at law to claim the overplus of the amount necessary to satisfy the debt secured by the senior security deed, because the money derived from the sale would come into the hands of the holder of such security deed and not into the sheriff's hands. The holdings of the *Cromley* and *Bowman* cases amount to no more than a pronouncement that, where money is not in the hands of an officer of the court, it cannot be reached by what is usually termed a money rule. An entirely different situation from that dealt with in *Cromley* and *Bowman* is presented by the record in this case, where the creditor of the grantor in both the senior and junior security deeds undertakes to reach the funds in the hands of the holder of the senior security deed by the process of garnishment, the holder of such senior security deed being made the garnishee by service with a summons of garnishment. In such circumstances, the holder of the junior security deed may, under the provisions of *Code* §§ 39-801 and 46-402, file a claim to the funds. The claim filed in this case raises the issue as to whether the claimant is entitled to the funds sought to be recovered by the garnishment, that is, the money derived from the sale had under the power contained in the senior security deed, in excess of the amount necessary to satisfy the debt secured by that instrument, together with the issues that may ordinarily be raised in claim cases, such as

the question as to whether the garnishee is indebted to the defendant, and whether the funds are subject to garnishment. All of these issues may be determined in a court of law, and the judgment by which they are adjudicated may be reviewed by the Court of Appeals.

Although this case involves matter (claim) which partakes of the nature of an equitable proceeding, it does not from its pleadings and prayer involve the exercise of any of the extraordinary powers of a court of chancery. Accordingly, this court being without jurisdiction, the case is

*Returned to the Court of Appeals. All the Justices concur.*

ARGUED MARCH 13, 1961—DECIDED MARCH 24, 1961.

*Max R. McGlamry, Clyde L. Armour, Jr.,* for plaintiffs in error.

*Foley, Chappell, Kelly & Champion, Hatcher, Smith, Stubbs & Rothschild,* contra.